(No. 20953.—

JERRY HILL, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(LEE WEBER, Plaintiff in Error.)

*Opinion filed December 17, 1931.*

MARSH, LEWIS, THOMPSON & BARASH, for plaintiff in error.

F. B. BRIAN, and HARRY C. HEYL, for defendant in error.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

The defendant in error, Jerry Hill, was injured while in the employ of Lee Weber, a farmer, and filed an application for adjustment of his claim with the Industrial Commission. There are no questions of fact involved in the case. The arbitrator entered an award, which the commission, on review, set aside. On *certiorari* from the circuit court of Peoria county the finding of the commission was set aside and an award entered. The cause is here on writ of error allowed by this court.

Plaintiff in error is a farmer operating a farm of about 180 acres. In the spring of 1929 he employed defendant in error, Hill, as a farmhand at a wage of $2.50 per day.

Prior to the time of harvesting small grain in 1929 plaintiff in error bought a threshing outfit, which he operated by a tractor already owned by him. Under defendant in error's contract of employment he was to receive for assisting in running the threshing machine, four dollars per day as Weber testified, or five dollars per day as Hill testified, during the time the threshing machine was in operation. Plaintiff in error engaged in threshing the grain of his neighbors as well as his own, and later engaged to hull clover for six of his neighbors at an agreed price of two dollars per bushel. In this work defendant in error operated the separator, to which a clover-hulling device had been attached. He was paid the same wage received during the threshing operations. On October 2, 1929, while engaged in hulling clover on the farm of Richard Froth, a horse hitched to a wagon used in hauling the clover to the machine struck defendant in error with its forefoot and broke his arm. The horse did not belong to plaintiff in error or to Froth.

The only question in the case is whether Weber and Hill, while hulling clover for Froth, were working under the Workmen's Compensation act. Plaintiff in error contends that the work in which they were then engaged being work on a farm, he, as the employer, did not automatically come under that act, and since he did not elect to provide compensation he is not liable therefor.

Paragraph 8 of section 3 of the Compensation act is as follows: "Provided, nothing contained herein shall be construed to apply to any work, employment or operations done, had or conducted by farmers and others engaged in farming, tillage of the soil, or stock raising, or to those who rent, demise or lease land for any such purposes, or to anyone in their employ, or to any work done on a farm or country place, no matter what kind of work or service is being done or rendered." The application of this section of this statute has not previously been considered by this

court on like facts. In *Peterson* v. *Industrial Com.* 315 Ill. 199, which defendant in error strongly relies upon in support of his claim for compensation, Peterson was a farmer. At the time of the accident he owned about 100 acres of land, mostly covered by timber. A portion of the timber had been cleared, however, and during the three years immediately prior to the accident Peterson had planted corn in the cleared land. On the margin of the woods he conducted a saw-mill, cutting the timber into railroad ties and lumber. Some of the lumber he retained for his own use and the ties and remainder of the lumber he sold to other parties and likewise rented the use of the saw-mill to others. It was there held that while Peterson was a farmer, he could likewise be, and was, engaged in another occupation which under the Workmen's Compensation act was extrahazardous. (*Vaughan's Seed Store* v. *Simonini,* 275 Ill. 477.) It was held that operating a saw-mill in the manner used by him was not a part of the ordinary business of operating a farm but was a separate and extra-hazardous occupation and that he was therefore under the Compensation act, and the death of the employee occurring through injuries received while operating the saw-mill, was compensable.

Counsel in their briefs have cited cases decided by the courts of other States, but in none of them does it appear that the statute is the same as that enacted in this State. The statute of Michigan exempted from the operation of the act "farm laborers." The Supreme Court of that State held that an employee of a farmer who owns a corn-husking machine used at the time of the injury on the farm of a neighbor, whether for hire or merely under an agreement to exchange work, is not, while so engaged, a farm laborer within the meaning of the Workmen's Compensation act of that State. (*Rouse* v. *Heffelbower,* 225 Mich. 664, 196 N. W. 185.) In Indiana the statute exempted "farm or agricultural laborers and employers of such persons." An employee of the owner of a threshing outfit which was

taken from farm to farm by the owner, threshing grain for various farmers, was held not to be a farm or agricultural laborer within the exemption of the Compensation act of that State while so engaged. (*In re Boyer*, 117 N. E. (Ind.) 507.) In Colorado the statute excluded from the operation of the act "farm and ranch laborers." An employee engaged in operating an engine as part of a threshing outfit which proceeded from place to place threshing grain for farmers for hire was held not then within the exemption of the Workmen's Compensation act. (*Industrial Com.* v. *Shadowen*, 87 Pac. (Colo.) 926.) The Minnesota statute excluded "farm laborers" from the operation of the Compensation act. The Supreme Court of Minnesota held that an employee of one who operates a threshing machine, threshing grain for farmers under contract, is, while employed about such machine in the course of threshing grain upon a farm, a farm laborer and is excepted from the operation of the Compensation act. (*State* v. *District Court*, 168 N. W. (Minn.) 130.) The Idaho statute provides that it shall not be applicable to "agricultural pursuits," and the operation of a threshing outfit serving others than the owner, under contract, was held to be an agricultural pursuit under the Workmen's Compensation act of that State, and an employee injured while engaged with the threshing outfit was engaged in an excepted occupation and an injury received while so engaged was not compensable. (*Cook* v. *Massey*, 38 Ida. 204, 220 Pac. 1088.) In Iowa the statute exempts "farm or other laborer engaged in agricultural pursuits." An employee of a farmer who owned a cornshredder which he was using for the purpose of shredding corn for his neighbors for profit was held to be within the exemption of the Compensation act. The words "agricultural pursuits" were held to mean pursuits pertaining to, connected with or engaged in agriculture. (*Slycord* v. *Horn*, 170 Iowa, 936, 162 N. W. 249.) The Nebraska statute excluded "employers of farm laborers." A number

of farmers purchased a threshing outfit to thresh their own grain and one of the owners sold his interest to another. In the contract of sale the purchaser agreed to thresh the grain of the seller. An employee engaged by the owners of the machine was injured while threshing grain for the former owner. It appeared that after the grain of the owner of the machine was threshed the machine was used for threshing the grain of other farmers not owners. It was deemed of no consequence, in determining the issue in the case, that at the time of the accident the machine was engaged in threshing wheat for one who was not then a part owner thereof, and that fact did not have the effect to convert the owners of the machine from their status as employers of "farm laborers" to that of conducting an independent business, and that as "employers of farm laborers" were excluded from the act the claimant was not entitled to compensation. *Keefover* v. *Vasey,* 199 N. W. (Neb.) 799.

These cases are all distinguishable from the *Peterson case.* All agree that the operations in which the parties were engaged at the time of the injuries were parts of farm operation. Those holding the injured employee to be within the act base such holding on the fact that the employer was not at the time of the injury engaged in general farming operation but in what was, at most, merely a particular part thereof, and that he was not engaged for himself but for another for hire, which occupation was a separate commercial pursuit. None of the statutes considered are shown to be as broad as our own. It will be observed that the exception contained in paragraph 8 of section 3 of the act not only exempts work, employment or operation done, had or conducted by farmers and others engaged in farming, but likewise the exemption is applied "to any work done on a farm or country place, no matter what kind of work or service is being done or rendered." By the usual rule

of construction the words "any work done on a farm or country place" must be limited by the context of the act to mean work which is in its nature a part of farming. It cannot be said that plaintiff in error, while hulling clover for another for hire, was a farmer engaged in farming, tillage of the soil or stock raising, renting, demising or leasing land for any such purpose on his own behalf, and if this were the extent of the exemption we would be constrained to agree with the contention of defendant in error that the operations here were under the act. The exemption, however, goes further and applies to any work done on a farm or country place, no matter what kind of work is being done or rendered. Even limiting this language to work which is in its nature farm work, it is apparent that the legislature intended to exclude from the operation of the act not only the employer and employee who are engaged in general farming operations for such employer but who are doing any farm work on a farm or country place. So construed, and we are convinced it must be so construed, Weber and Hill were not working under the act. Nor is this conclusion in conflict with the *Peterson case,* since it was there specifically held that the operation of a saw-mill under the facts of that case was not a part of farming.

We are of the opinion, therefore, that under the provisions of the Compensation act of this State the injury received by defendant in error occurred while he was engaged in an occupation exempted under the Compensation act and that plaintiff in error is not liable for such compensation. The judgment of the circuit court is therefore reversed and the award set aside.

*Judgment reversed and award set aside.*