(No. 21100.—)
JOHN NOVERIO, Plaintiff in Error, *vs.* THE INDUSTRIAL
COMMISSION *et al.*—(JOSEPH CORSINI *et al.* Defendants
in Error.) °

*Opinion filed April 23, 1932.*

PAUL D. PERONA, and D. J. CAMPEGGIO, for plaintiff
in error.

OSCAR E. CARLSTROM, Attorney General, HOLLERICH &
HURLEY, and FRANK R. EAGLETON, for defendants in error.

Mr. COMMISSIONER EDMUNDS reported this opinion:

John Noverio was injured while in the employ of Joseph
Corsini and filed an application for adjustment of his claim
with the Industrial Commission. The arbitrator entered an
award, which the commission, on review, set aside. A writ
of *certiorari* was sued out of the circuit court of LaSalle
county. On hearing the writ was quashed. The cause is
here on writ of error allowed by this court.

Prior to 1927 Corsini worked as a coal miner. In that
year the mine was shut down and thereafter he took various
jobs, which consisted for the most part of tiling. It ap-
pears from the testimony that all of this work was on farms.
To assist in doing it he hired other men, including Noverio.
In April, 1928, he undertook a patch-tiling job on a farm.

The only tools used were spades and shovels and a little hatchet to break the tiles when it was necessary to fit them for elbows and cut-offs. The tiles were laid from a foot and a half to three feet deep. To prevent the tile outlets from becoming obstructed, screens were made from steel buggy hoops one inch wide, which were cut into the necessary lengths. These screens were made at Corsini's house. A hoop was heated in a cook stove and placed on an anvil in the basement. While Corsini and Noverio held it with tongs and another employee was hitting with a hammer a chisel used for cutting it, a fragment of metal struck Noverio in the eye and caused the injury which led to the filing of the petition.

The only question in the case is whether Corsini and Noverio were working under the Workmen's Compensation act. Noverio contends that his employment was in a business which involved excavating, and that in addition it was an enterprise in which sharp-edged cutting tools were used, thereby bringing it within the provisions of paragraphs 2 and 7½, respectively, of section 3 of that act. Corsini argues that the employment cannot be said to have come within the purview of either one of these paragraphs, and insists that in any event the work performed fell within the exception of paragraph 8 of section 3, which is as follows: "Provided, nothing contained herein shall be construed to apply to any work, employment or operations done, had or conducted by farmers and others engaged in farming, tillage of the soil, or stock raising, or to those who rent, demise or lease land for any such purposes, or to anyone in their employ or to any work done on a farm or country place, no matter what kind of work or service is being done or rendered." This exception was thoroughly considered in the recent case of *Hill* v. *Industrial Com.* 346 Ill. 392, and our conclusion there is determining here. In that case a farmer owned a threshing outfit with a clover-hulling attachment. He engaged in threshing and clover hulling for

a number of neighbors. While hulling clover on another farm a man employed by him to assist in operating the machine was injured. We held that the injury was received while the workman was engaged in an occupation exempted under the statute, saying: "It cannot be said that plaintiff in error, while hulling clover for another for hire, was a farmer engaged in farming, tillage of the soil or stock raising, renting, demising or leasing land for any such purpose on his own behalf, and if this were the extent of the exemption we would be constrained to agree with the contention of defendant in error that the operations here were under the act. The exemption, however, goes further and applies to any work done on a farm or country place, no matter what kind of work is being done or rendered. Even limiting this language to work which is in its nature farm work, it is apparent that the legislature intended to exclude from the operation of the act not only the employer and employee who are engaged in general farming operations for such employer but who are doing any farm work on a farm or country place. So construed, and we are convinced it must be so construed, Weber and Hill were not working under the act."

Without regard to the question as to whether Corsini's business could be held to involve excavating or the use of sharp-edged cutting tools within the contemplation of the statute, it clearly was in its nature farm work. No work could be more fundamentally a part of farming than drainage to put the soil in shape for cultivation. That it was being done by one not engaged in general farming himself is immaterial. It is true that the portion of the operation in which the injury actually occurred does not appear to have been performed within the physical boundaries of the particular farm for which the tiling was being done, nor is it definitely shown to have been done on soil in the nature of a farm or country place as distinguished from other types of realty. Such, however, is not here a material con-

sideration. The adjournment to Corsini's basement was obviously to facilitate the completion of an integral part of the drainage system that was in process of installation on the farm and the character of the work was in no sense altered thereby.

The judgment of the circuit court is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*