(No. 2286— ▮▮▮▮▮▮)

Grover Ewing, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed December 11, 1934.*
*Rehearing allowed January 10, 1935.*
*Opinion on rehearing filed September 10, 1935.*

O'Harra, O'Harra & Roeth, for claimants.

Otto Kerner, Attorney General, and John Kasserman, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On the 24th day of March, A. D. 1933 claimant was employed by the Department of Agriculture, Division of Animal Industry, and was working with Dr. L. Campbell, a licensed veterinarian of said Department in testing cattle for tuberculosis. On said date they were working on the farm of Paul Linkemann in Hancock County, and in the course of the work, the claimant was knocked down by a calf and such calf, as well as another calf, fell upon him and as a result thereof the ligaments of his right leg were torn and the muscles wrenched, resulting thereafter in an arthritic condition of the right ankle and foot.

Notice of the accident was given, and claim for compensation made, in accordance with the requirements of the Workmen's Compensation Act, and under the terms and provisions of such Act, the claimant now seeks to recover sixteen weeks' temporary total compensation, and twenty-five weeks' specific loss, to-wit, twenty per cent (20%) of the loss of the use of the right foot and ankle, together with $25.00 paid by him for medical services.

In order to entitle the claimant to an award under the provisions of the Workmen's Compensation Act, it is necessary for him to bring himself within the provisions of such Act, and to prove, among other things, that the respondent, at the time of the accident in question, was engaged in some department of some one or more of the enterprises or businesses which are declared to be extra-hazardous by Section Three (3) of the Workmen's Compensation Act; or to show that the occupation in which he was then engaged was extra-hazardous in fact, and not otherwise excluded from the purview of the Act. No evidence whatsoever was produced by the claimant to meet such requirements.

Furthermore, the proviso contained in Paragraph eight of said Section Three of the Compensation Act is as follows:

"*Provided* nothing contained herein shall be construed to apply to any work, employment or operations done, had or conducted by farmers and others engaged in farming, tillage of the soil, or stock raising, or to those who rent, demise or lease land for any such purposes, or to anyone in their

4

employ, or to any work done on a farm or country place, no matter what kind of work or service is being done or rendered."

Cahill's Revised Statutes, 1933, Chap. 48, Par. 202.

A somewhat similar question arose in the case of *Hill* vs. *Ind. Com.*, 346 Ill. 392. In that case the claimant was working for a farmer by the name of Weber who bought a threshing machine and engaged in threshing grain for his neighbors as well as for himself, and afterwards attached a clover hulling device to the separator, and agreed to hull clover for some of his neighbors. Hill assisted in running the threshing machine and operated the separator while hulling clover. While engaged in such work on the farm of a neighbor, Hill was kicked by a horse and sustained injuries for which he claimed compensation. The employer contended that the work in which they were then engaged, being work on a farm, he, as the employer did not automatically come under the Act and that consequently he was not liable to pay compensation. In that case the court, on page 396, said:

"By the usual rule of construction the words 'any work done on a farm or country place' must be limited by the context of the Act to mean work which is in its nature a part of farming. It cannot be said that plaintiff in error, while hulling clover for another for hire, was a farmer engaged in farming, tillage of the soil or stock raising, renting, demising or leasing land for any such purpose on his own behalf, and if this were the extent of the exemption we would be constrained to agree with the contention of defendant in error that the operation here were under the Act. The exemption, however, goes further and applies to any work done on a farm or country place, no matter what kind of work is being done or rendered. Even limiting this language to work which is in its nature farm work, it is apparent that the Legislature intended to exclude from the operation of the Act not only the employer and employee who are engaged in general farming operations for such employer but who are doing any farm work on a farm or country place."

and held that the injury was not compensable.

In the case of *Noverio* vs. *Ind. Com.*, 348 Ill. 157, the employee undertook a patch-tiling job on a farm, and while engaged at his home, which was a considerable distance from the farm in question, in making screens to cover the tile outlet, a piece of metal struck his eye, whereby the vision thereof was totally destroyed.

The employee contended that inasmuch as sharp-edged cutting tools were used by him in the doing of the work, the employer came under the provisions of Paragraph 7½ of Section 3 of the Act, and the employer contended that the

work was within the exception of Paragraph 8 of Section 3 of the Act. In that case the court, on page 139, said:

"Without regard to the question as to whether Corsini's business could be held to involve excavating or the use of sharp-edged cutting tools within the contemplation of the statute, it clearly was in its nature farm work. No work could be more fundamentally a part of farming than drainage to put the soil in shape for cultivation. That it was being done by one not engaged in general farming himself is immaterial. It is true that the portion of the operation in which the injury actually occurred does not appear to have been performed within the physical boundaries of the particular farm for which the tiling was being done, nor is it definitely shown to have been done on soil in the nature of a farm or country place as distinguished from other types of realty. Such, however, is not here a material consideration. The adjournment to Corsini's basement was obviously to facilitate the completion of an integral part of the drainage system that was in process of installation on the farm and the character of the work was in no sense altered thereby."

In that case the court held that the employer and the employee were engaged in work on a farm and that therefore the injury was not compensable.

Under the evidence in the record, and under the law as laid down in the cases cited, there is no liability on the part of the respondent.

Award is therefore denied and the case dismissed.

## OPINION ON REHEARING.

*Per Curiam:*

A rehearing having been allowed on the petition of the claimant, he now contends that he is entitled to an award on the following grounds:

(1) The enterprise in which he was engaged at the time of the accident in question is one in which a "sharp-pointed instrument, namely, a hypodermic needle or syringe" is used, and he thereby automatically comes within the provisions of the Act.

(2) The work in which he was engaged at the time of the accident in question was not in its nature farm work.

We will consider the contentions in the order above set forth.

(1) The provisions of the statute upon which claimant relies to bring himself automatically under the Act is Paragraph 7½ of Section 3 of the Workmen's Compensation Act, which provides that the Compensation Act shall apply auto-

6

matically and without election to "any enterprise in which sharp edged cutting tools, grinders or implements are used, including all enterprises which buy, sell or handle junk and salvage, demolish or reconstruct machinery, except as provided in sub-paragraph 8 of this section."

It will be noted that the paragraph in question refers to "sharp-edged cutting tools" and not to ";sharp-pointed instruments" as contended by claimant. It cannot be seriously contended that a hypodermic needle or syringe is a "sharp-edged cutting tool," and consequently claimant has no basis either in law or in fact upon which to base a claim under this paragraph of the statute. Furthermore, said Paragraph 7½, by the terms thereof, has no application to any case which comes within the exception mentioned in sub-paragraph 8, relative to work done on a farm.

(2) This contention was fully considered in the opinion originally filed herein, and our attention has not been called to any matters of fact or law which have caused us to change the views we originally entertained.

Award is therefore denied and the case dismissed.