(No. 23806.—

BEN KEHRER *et al.* Plaintiffs in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WILLIAM SCHNEIDER, Defendant in Error.)

*Opinion filed February 12, 1937.*

J. Paul Carter, P. K. Johnson, and A. O. Niehoff, for plaintiffs in error.

House & House, for defendant in error.

Mr. Justice Wilson delivered the opinion of the court:

William Schneider, while sawing logs for Ben Kehrer and Henry Fiedler on December 29, 1934, was struck in the left eye by a chip of metal from an iron wedge then being used by Schneider and a fellow-workman. The eye became infected and had to be removed. Schneider filed with the Industrial Commission an application for compensation. Upon a hearing the arbitrator found that the applicant was an employee of Kehrer and Fiedler and because of the accident was entitled to compensation. On review the Industrial Commission sustained the arbitrator's award, and the circuit court confirmed the Industrial Commission's decision. The cause is here upon the allowance by this court of a petition for a writ of error.

The plaintiffs in error were engaged in the business of operating saw-mills a part of the year and in threshing during the threshing season. Both of these enterprises were conducted on the lands of others. One of the plaintiffs in error owned a farm, but it was leased to a third person, and neither of the plaintiffs in error was engaged in farming. Henry Liebig owned a tract of timber, and the plaintiffs in error had contracted with him for all of the trees that were fit to be made into lumber. The plaintiffs in error intended to erect a shed on a three-acre tract of land in New Memphis, in Clinton county, but they did not own that tract at the time of the accident. The plaintiffs in error hired Schneider and one Hertzler to cut down trees on the Liebig tract. A third employee hauled the logs to a saw-mill operated by the plaintiffs in error about a mile

and a half from the timber. The logs were there sawed into lumber for sale to customers, and some of the lumber was to be used in the shed above mentioned. The plaintiffs in error hired Schneider and Hertzler on the same date, though the two workmen were not together at the time of their employment. They were to receive twenty cents between them for each one hundred feet of logs they cut. The plaintiffs in error supplied tools for the work of cutting logs, but as a matter of convenience, so that the tools would not have to be taken to and from the owners' premises each day, the two workmen used Hertzler's tools. Hertzler lived in the vicinity of the timber. Fiedler went to the timber with Schneider and Hertzler and showed them where to work, instructing them what kind and size of trees to cut and not to work beyond a certain boundary line. The two men previously had been instructed what trees were fit for the use desired by the plaintiffs in error. They knew how high to leave the stumps and measured the logs, though the measurements on which their compensation was based were made upon a scaling of the logs at the saw-mill. They took the employment as a single job—for as much timber or as many logs as the plaintiffs in error "wanted out." They were not instructed what time they should begin or quit work, but each was able to make about two dollars per day if both men worked a full day. They could be discharged at any time. Schneider and Hertzler were sawing a tree and the saw "pinched." In order to permit the continuance of the sawing and to prevent the tree from breaking, Hertzler started to drive an iron wedge into the opening made by the saw. When he struck the wedge a piece broke off, striking Schneider in the eye, resulting in the injury. Schneider informed the plaintiffs in error of the accident. He received medical and hospital treatment and subsequently obtained an artificial eye.

There is no question as to the accident or that notice of it was given and demand made, as required by the Com-

pensation act. The only questions for decision are, first, whether the work being performed at the time of the accident was within the exemption in paragraph 8 of section 3 of the Compensation act, applying to employment or operations "done, had or conducted by farmers and others engaged in farming, tillage of the soil, or stock raising, or to those who rent, demise or lease land for any such purposes, or to anyone in their employ or to any work done on a farm or country place, no matter what· kind of work or service is being done or rendered;" (State Bar Stat. 1935, pp. 1590-91;) and second, whether the defendant in error, Schneider, was an independent contractor or an employee.

In support of the contention that the work of cutting the logs was within the exemption quoted, the case of *Hill* v. *Industrial Com.* 346 Ill. 392, is cited. There a farmer owned a threshing outfit and a tractor. He procured a clover-hulling attachment, and while hulling clover for a neighbor one of his employees was injured and applied for compensation. It was held that the injury was not compensable, as the status of the owner of the machine was that of an employer of farm labor and the employer and employee were doing work on a farm. There is a distinction between work being performed on a farm at the time of an accident and work being done at a saw-mill in a tract of timber, even though the timber is a part of a farm but the work being performed is entirely independent of farm work. In *Peterson* v. *Industrial Com.* 315 Ill. 199, Peterson was a farmer, owning at the time of the accident land mostly covered with timber. On the margin of the timber he conducted a saw-mill, cutting timber into railroad ties and lumber. He sold some of the lumber to other persons, using the saw-mill for his own purposes and renting it to others. An accident occurred in the operation of the saw-mill and it was held compensable. The facts in the case before us are even stronger. Here the work being per-

formed was not on a farm nor in any way connected with farming operations. It was entirely disconnected from the character of employment exempted by the statute above quoted. *Peterson* v. *Industrial Com. supra.*

To determine whether Schneider was an independent contractor, as is secondly contended, the facts must largely control. In a general sense, an independent contractor is one who renders service in the course of an occupation, representing the will of the employer only as to the result of his work and not as to the means by which it is to be accomplished. (*Stellwagen* v. *Industrial Com.* 359 Ill. 557; *Besse* v. *Industrial Com.* 336 id. 283; *LaMay* v. *Industrial Com.* 292 id. 76.) It is impossible, however, to lay down a rule by which the status of men working and contracting together can be accurately defined in all cases as employees or independent contractors. Each case must depend on its own facts, and ordinarily no one ·feature of the relation is determinative but all must be considered together. (*Franklin Coal Co.* v. *Industrial Com.* 296 Ill. 329; *Bristol & Gale Co.* v. *Industrial Com.* 292 id. 16; *Stellwagen* v. *Industrial Com. supra.*) The fact that the employment is for one job, only, and requires no supervision, is not conclusive that one is an independent contractor. (*Cinofsky* v. *Industrial Com.* 290 Ill. 521; *Franklin Coal Co.* v. *Industrial Com. supra.*) The right to terminate the contract during the progress of the work is not conclusive that one is an employee but is a fact to be considered. (*Nelson Bros. & Co.* v. *Industrial Com.* 330 Ill. 27.) Payment of compensation by the piece, job, day or hour is not controlling where the workman is subject to the control of the employer as an employee and not as a contractor. (*Amalgamated Roofing Co.* v. *Travelers Ins. Co.* 300 Ill. 487; *Franklin Coal Co.* v. *Industrial Com. supra.*) The most important single factor in determining the relationship is the right of the employer to control the

manner of doing the work. *Cinofsky* v. *Industrial Com. supra; Nelson Bros. & Co.* v. *Industrial Com. supra.*

In *Cinofsky* v. *Industrial Com. supra,* two workmen were employed for the work of stripping engines. They were to be paid a specific amount for each engine which came into the yard to be stripped. The work of stripping engines required no supervision, because no special skill was required. One of the men was injured while engaged in that work. He previously had worked for the same employer and knew the character of the work to be performed and had received sufficient instructions to enable him to do the work without supervision. It was there held that the question as to whether the applicant was an employee was one proper for the determination of the Industrial Commission. In the case now before us there was no need for control or supervision of the work as it was being performed. The work of sawing trees was simple, and the work of cutting trees of a certain kind and size, leaving a stump of a certain height, required no particular skill. Whether the injured workman was an employee or an independent contractor was one of the questions proper for the determination of the Industrial Commission. The burden was upon the employee to establish his right to compensation. While this court may review the facts, it is not warranted in reversing the finding of the Industrial Commission unless the award is shown to be clearly against the weight of the evidence. *Ervin* v. *Industrial Com.* 364 Ill. 56; *Plano Foundry Co.* v. *Industrial Com.* 356 id. 186; *Long* v. *Industrial Com.* 347 id. 250; *Berry* v. *Industrial Com.* 335 id. 374; *Cinofsky* v. *Industrial Com. supra.*

Neither of the contentions of the plaintiffs in error can be sustained.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*