(No. 2332—

SIM E. BUNTING, Clairmant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 24, 1938.*

*Petition for rehearing filed May 10, 1938.*

*Original opinion affirmed February 13, 1940.*

FRANCIS T. CARSON, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

Claim was filed herein under the Compensation Act for temporary total incapacity, medical bills, specific loss of a thumb and partial loss of use of an index finger, and an award is sought in the sum of Two Thousand Six Dollars and Forty-five Cents ($2,006.45).

The facts are undisputed; proper notice was given and the claim was filed within a year.

It is alleged that claimant was an employee of the Animal Husbandry Department, and received an injury to his hand in the silo cutter while in the course of his regular employment. The injury consisted of the loss of the thumb on his right hand, the loss of function of his right index finger of about fifty per cent, medical bills, etc. Nothing appears in this record showing that the University is under the Compensation Act.

In an informal opinion given at the request of Hon. Sveinbjorn Johnson, under date of March 14, 1934, concerning this very case, this court, after fully reviewing the facts under the law, held that a decision authorizing an award could not be justified on this claim. (See C. C. R., Volume 8, page 774.)

Nothing appears in the case now before us which would justify a modification of the opinion given then; that opinion is based upon the fact that claims of this kind are not within the provisions of the Workmen's Compensation Act because of a part of Division 8 of Section 3 of the Act, which provides as follows:

"Provided, nothing contained herein shall be construed to apply to any work, employment or operations done, had or conducted by farmers and others engaged in farming, tillage of the soil, or stock raising, or those who rent, demise or lease land for any such purposes, or to any one in their employ or to any work done on a farm or country place, no matter what kind of work or service is being done or rendered."

We are of the opinion that our former opinion should not be modified or changed, and in addition to the authorities therein cited, we cite the case of *Hill* vs. *Industrial Commission*, 346 Ill. 392, wherein it was held that an employee is not within the Act when engaged in general farming operations or doing any farm work on a farm or country place; the case of *Noverio* vs. *Industrial Commission*, 348 Ill. 137, wherein it was held that where an employer was engaged in laying tile for farm drainage, the Act did not apply to an injury received to an employee while at employer's house, not on the farm, making a screen for a tile outlet; and the case of *Uphoff* vs. *Industrial Board of Illinois*, 271 Ill. 312, wherein it was held that where a carpenter was employed by a farmer to assist in building a broom-corn shed on the farm, an injury due to a piece of steel flying from a hammer he was using and destroying sight of one eye was not within the Workmen's Compensation Act.

Our former opinion in this case will be adhered to and an award denied.