## HARGIS v. WABASH RAILROAD CO.
### No. 8956.

Circuit Court of Appeals, Seventh Circuit.
Jan. 16, 1947.

Rehearing Denied Oct. 10, 1947.

SPARKS, Circuit Judge, dissenting, and MAJOR, Circuit Judge, dissenting in part.

Harold Broverman and Scott Hoover, both of Taylorville, Ill., and James B. Martin and Emanuel J. Coyle, both of Springfield, Ill., for appellant.

R. B. Elster and J. A. McClain, both of St. Louis, Mo., and Henry A. Converse and Miles Gray, both of Springfield, Ill., for appellee.

William S. Tyson, Sol., Morton Liftin, Asst. Sol., and Eugene Green, Attys, U. S. Dept. of Labor, all of Washington, D. C., Walter R. Nelson, Atty. U. S. Dept. of Labor, of Chicago, Ill., and Kenneth P. Montgomery, Dept. of Labor, of Chicago, Ill., amicus curiæ.

Before SPARKS and MAJOR, Circuit Judges and HOLLY, District Judge.

(This opinion substituted for former opinion filed January 16, 1947 pursuant to an order of the Court entered October 14, 1947.)

HOLLY, District Judge.

The complaint in this case consists of two counts. In the first count plaintiff alleged that at the request of defendant he entered into a written contract of which he failed to understand the import to perform janitor service at the defendant's passenger station at Taylorville, Illinois, as an independent contractor and that he performed such services until January 9, 1943; that he was in fact not an independent contractor but a mere employee of defendant; that defendant conceived the scheme of denominating him an independent contractor in order to evade the effect of a certain agreement entered into between defendant and its employees represented by the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees fixing the wages of various employees, including janitors and that he is entitled to the benefit of such contract as a third party.[1]

---

[1] While plaintiff here states his claim as that of a third party beneficiary he is not and could not be a third party beneficiary. The contract does not pro-

In the second count he asks for compensation and damages under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

Defendant filed a motion for summary judgment denying liability on two grounds, first, that plaintiff was not an employee but an independent contractor and had been paid the full amount due him under his contract and, second, that plaintiff had submitted his claim to the Third Division of the National Railroad Adjustment Board under the terms of the Railway Labor Act, 45 U.S.C.A. § 151 et seq., a hearing was had at which he was represented by representatives of the union of which he was a member, that the said Division of the Board made an award finding it had jurisdiction of the dispute, and that plaintiff was not entitled to the benefit of the contract made by the union on behalf of the employees for the reason that he was a sub-contractor and not an employee.

Defendant supported its motion for summary judgment by affidavits showing that plaintiff had entered into a written contract with defendant which provided that plaintiff as an independent contractor would do the janitor work to be performed in its freight and passenger station at Taylorville, Illinois, including the firing of the heating plant in the passenger station. By the terms of the contract plaintiff agreed that he was an independent contractor and assumed all risk of and liability for loss or destructtion of or damage to any property, and for personal injury to or death of any person whomsoever caused by any act or omission of him or his agents, servants or employees and agreed to hold the defendant harmless from and indemnify it against any loss or liability caused by any act of him or his servants. For these services it was agreed he should be paid $35 per month.

It was also stated in the motion for summary judgment that plaintiff, through the representative of the depot janitor employees of defendant, presented his claim to the management of defendant, that the claim "progressed" through the various officials of the defendant as prescribed by the Railway Labor Act and was finally submitted to the National Railway Adjustment Board, Third Division, where plaintiff, through such representative, presented his claim seeking an award from said Board that the services performed by him for defendant as provided in said contract were covered by an agreement between defendant and its employees and that (a) the Railway Company violated the contract entered into by defendant and the representatives of the depot employees when it employed Hargis on a contract basis purporting to class him as an independent contractor rather than an employee of the railroad, and (b) that Hargis should be compensated for the difference between the contract rate and the established daily rate for such service under the contract between defendant and the representative of the employees. A hearing was held in which plaintiff was represented and defendant appeared and made a statement of facts which recited the circumstances leading up to the making of the written agreement between Hargis and the Railroad Company and asserted that, "As provided by the contract effective February 6, 1937, George Hargis was an independent contractor and not an employee of the Receivers of the Wabash Railway Company [2] * * * *" and that the services performed were rendered as an independent contractor and no relationship of employer and employee existed between defendant and Hargis at that time. The position taken by the defendant on the hearing was that the dispute was "not a dispute such as falls within the purview of Section 3(j) of the Railway Labor Act as amended, and, therefore, is not properly before or subject to a decision by the National Railroad Adjustment Board, and, accordingly should be dismissed for lack of jurisdiction."

The Board in its opinion accompanying its award said, inter alia, that the work

vide for third party beneficiaries. It is a contract between the railroad and the employees, represented by the Brotherhood. Plaintiff could claim the benefit of it only as an employee of defendant.

[2] The Wabash Railway Company was then in the process of reorganization. Defendant is its successor and assumed the obligations of the Receivership.

performed by Hargis was clearly within the scope of the agreement between the railroad and its employees but that instead of assigning the work to an employee entitled to it the defendant (or rather its predecessor, the receivers) had entered into a formal written contract with Hargis and that he became and was an independent contractor, performing work under his contract with the carrier which belonged to employees under the agreement with the representatives of the employees. Hargis, it said, not being an employee held no rights under the clerk's agreement. The agreement was negotiated for the benefit of defendant's employees and Hargis, as an independent contractor, simply had no rights under the agreement. The Board made formal findings as follows:

"That the carrier and employe involved in this dispute are respectively carrier and employe within the meaning of the Railway Labor Act, as approved June 21, 1934:

"That this Division of the Adjustment Board has jurisdiction over the dispute involved herein; and

"That one who contracts with a Carrier to do work already reserved to employes under the terms of a collective agreement, is bound by the terms of his contract and can claim no benefits granted under the Carrier's agreement with its employees.

"Award.

"Claim (a) sustained as to the extent indicated in this opinion.

"Claim (b) and (c) denied." [3]

The District Court sustained defendant's motion for a summary judgment giving as reasons therefor in a memorandum opinion that plaintiff was an independent contractor not an employee of defendant and that the award of the Board barred recovery in this action.

The material facts set out in the motion for summary judgment and the supporting affidavits were not controverted. We come then to the question whether the award by the Board is a final determination of plaintiff's rights and, if that question is answered in the negative, was plaintiff an independent contractor or was he an employee of the defendant.

First, as to the finality of the award of the Board. By the terms of the Railway Labor Act, U.S.C.A. Title 45, § 153(m) it is provided that in cases involving disputes between a railroad company and its employees coming before the Board the award of the Board shall be final and binding upon both parties except in so far as it shall contain a money award. But it has been held that the award under certain circumstances may be reviewed by a court.

The question of the finality of the award was presented to the Court in Dahlberg v. Pittsburgh & L. E. R. Co., 3 Cir., 138 F.2d 121, 122. Petitioners brought their action to enforce an order of the Board which, by the Board's interpretation of the contract between the Railroad company and its employees, gave certain seniority rights to petitioner. Defendant urged that the construction of the contract by the Board was clearly wrong and the court should refuse to enter an order of enforcement, while petitioners contended that the order was final and binding on the parties and the court was not authorized to review it. The Court held that the provisions in Sec. 153(m) of the Act that the awards of the Board should be final and binding upon the parties to the dispute should be construed in the light of the plan Congress had in mind in enacting the statute and that "The general plan of the statute clearly discloses an intention to use the words in the sense that the award is a definitive act of a mediative agency, binding until and unless it is set aside in the manner prescribed, and that it was intended that the Court should exercise broader powers than merely directing coercive process to issue if satisfied that the proceeding was authorized by law." The court refused to be bound by the construction given under the contract by the Board, held it was erroneous and affirmed the judgment of the District Court refusing to enter an order of enforcement.

In Washington Terminal Co. v. Boswell, 75 U.S.App.D.C. 1, 124 F.2d 235, 244, the

---

[3] Claim (c) is not involved in this case.

court held that the decisions of the Board were not final in a legal sense either as to facts or law; that the Board could not enforce its awards but they could be enforced only in a suit de novo and in such actions the court is not concluded by the finding of the Board nor is the railroad limited in any way as to its defenses or the evidence it may wish to present. "Its day in court in the enforcement suit is a full one."

But, conceding that the award should not be reviewed in a case where the relationship of employer and employee is an undisputed fact, here we have a different situation. The defendant took the position on the hearing by the Board that plaintiff was not an employee but an independent contractor, and the Board should dismiss the complaint for lack of jurisdiction. In that contention the defendant was right. The facts were undisputed. A pure question of law was presented, a question for the courts to answer not the Board. Or, if the Board retains jurisdiction, then its award is certainly open to review by the Courts. Section 10(e) of the Administrative Procedure Act, 5 U.S.C.A. § 1009(e), expressly provides that any person adversely affected by the action of any administrative agency shall be entitled to judicial review thereof and the reviewing court shall decide all relevant questions of law. This provision is merely declaratory of the law as it was before the passage of the Act.

The Board found, in the formal findings, that the parties were, respectively carrier and employee, but that "one who contracts with a Carrier to perform work already reserved to employees under the terms of a collective agreement, is bound by the terms of his contract and can claim no benefits granted under the Carrier's agreement with its employees." The Board here determined as a matter of law that if a railroad can induce an employee to sign a contract concerning the terms of his employment such as that presented in this case the employee puts himself outside of the terms of the contract entered into between the railroad and the representatives of the employees, a device which, especially in times of low employment would enable the railroad to evade the obligations it entered into with reference to wages, working conditions, etc.

The Board's findings are somewhat ambiguous. It is not clear from the opinion of the Board and its formal findings whether it intended to find that Hargis was an independent contractor and therefore not entitled to the compensation provided in the general agreement of the railroad with the employees, or that, though an employee, by having entered into a separate contract he was not entitled to the benefits of the general contract. In either case, I think the Board was in error and the District Court erred in sustaining defendants motion as to the first count. In this conclusion neither Judge Sparks nor Judge Major concurs and the judgment of the District court as to this count is affirmed.

 Second: Assuming as Judge Major does, and as I think we may, that the Board passed only on the question of the right of plaintiff to share in the benefits of the general contract of the employees we come to the question of whether he is entitled to recover under the second count. In that count he bases his right to recover on the provisions of the Fair Labor Standards Act, while defendants position is that taken on the hearing before the Board, that he is an independent contractor, not an employee, and not entitled to the benefits of that Act. Judge Major and I are of the opinion that he is an employee and not an independent contractor.

In Kehrer v. Industrial Commission, 365 Ill. 378, 382, 6 N.E.2d 635, 637, the court said: "It is impossible * * * to lay down a rule by which the status of men working and contracting together can be accurately defined in all cases as employees or independent contractors. Each case must depend on its own facts and ordinarily no one feature of the relation is determinative but all must be considered together."

Certainly the nature of the relationship cannot be determined alone by the use of the term "independent contractor" in the agreement of the parties. If it could employers might in many cases easily escape the responsibility imposed upon them by

employer liability acts through the simple device of requiring each employee to enter into a contract such as that used in this case. Moreover the Wabash Railroad owed the duty to its travelling public to keep its depot in a reasonably safe condition. Could it escape responsibility for injury resulting from Hargis' negligence by writing into a contract with him a provision that he was independent contractor and that he assumed all risk of liability for personal injury to or death of any person whomsoever caused by his negligence or that of his agents, servants or employees and that he would hold the Wabash Railroad harmless from and to indemnify it against all liability so arising. The mere recital of these provisions seems sufficient evidence that the writing was not meant to be taken seriously as establishing the relationship between the parties or that the Wabash Railroad expected a $35 a month janitor to indemnify it against damages resulting from his negligence in the care of the station.

Hargis was doing work that is ordinarily done by a mere unskilled laborer, sweeping the floor, washing windows and tending furnaces. His so-called contract did not run for a definite term, but could be terminated by the railroad or Hargis upon 10 days notice, and the railroad could, of course, terminate it at any time he did not perform his duties properly.

Tested by the ordinary common law rules, we think the court should not have held, merely because of the language of the written instrument, that the relationship between Hargis and the Wabash Railroad was that of independent contractor and not that of employer and employee. Moreover, it has been held, National Labor Relations Board v. Hearst Publications, 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1170 and Walling v. American Needlecrafts, 6 Cir., 139 F.2d 60, that in construing the provisions of the Fair Labor Standards Act, whose benefits Hargis seeks in this case, the scope of the Act is not limited to those who come within the definition of servant in master and servant law. Sec. 203(e) of the Act, Title 29, U.S.C.A. defines employee as including any individual employed by an employer and subsection (g) says that "'Employ' includes to suffer or permit to work."

In our opinion the District court erred in sustaining defendant's motion as to the second count.

The judgment of the District Court is reversed as to the second count and the cause remanded.

Reversed and remanded.

MAJOR, Circuit Judge (concurring in part and dissenting in part).

I agree that plaintiff was an employee of the defendant and not an independent contractor. I disagree that the National Railroad Adjustment Board (hereinafter referred to as the Board) was without jurisdiction to hear and decide the claim presented to it by plaintiff. Consistent with this view, I think that the decision of the Board was final and binding upon the plaintiff so as to preclude recovery under count 1 of the complaint. The decision of the Board, however, was without effect as to count 2, and as to it I think a cause of action was stated.

In the beginning, it is well to keep in mind the cause of action relied upon as well as the grounds urged by the defendant in its motion for summary judgment. Both counts of the complaint are predicated upon the theory that plaintiff was an employee of the defendant. Count 1 seeks to recover for services rendered under the terms of a contract entered into between the defendant and the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees. Plaintiff does not allege that he was a member of the group for whose benefit that contract was made but that he was entitled to recover as a third party beneficiary.

Count 2 is predicated upon the minimum wage requirements prescribed by the Fair Labor Standards Act. 29 U.S.C.A. §§ 206, 207.

Defendant's motion for summary judgment as to count 1 relies upon the decision of the Board as a final judgment binding and conclusive upon the plaintiff. Its motion for summary judgment as to count 2

is predicated solely upon the premise that the plaintiff was not an employee of the defendant but an independent contractor, and that by reason thereof plaintiff was not entitled to the benefits of the Fair Labor Standards Act. It will be noted, therefore, that defendant's attack upon the complaint is inconsistent in that its motion for summary judgment as to count 1 is based on the factual assertion that plaintiff was an employee and not an independent contractor, while its motion for summary judgment as to count 2 is based on the factual assertion that plaintiff was not an employee but an independent contractor.

First, as to whether the decision and award of the Board is a bar to the cause of action stated in count 1. In holding that it is not, Judge HOLLY seems to think that the Board should have dismissed the complaint for lack of jurisdiction because the defendant there advanced the contention that plaintiff was an independent contractor. As I view the matter, the contention advanced before the Board in this respect is immaterial. To so hold means that the Board would be without authority to determine its own jurisdiction and it would follow that its decision would be final only where it obtained its jurisdiction by agreement of the parties as to the facts relative thereto. This line of reasoning would reduce the authority of the Board to a state of impotency which the law does not contemplate. Moreover, it appears inconsistent to reason that the Board was without jurisdiction because the plaintiff was an independent contractor and then to hold that he has stated a cause of action under both or either of the counts of his complaint on the theory that he was an employee and not an independent contractor.

Judge HOLLY cites two cases, Dahlberg v. Pittsburgh & L. E. R. Co., 3 Cir., 138 F.2d 121, and Washington Terminal Co. v. Boswell, 75 U.S.App.D.C. 1, 124 F.2d 235, in support of the proposition that an award by the Board under certain circumstances may be reviewed by a court. A reading of those cases discloses that the circumstances involved were quite different from those of the instant case, and in my judg-

ment they furnish little, if any, support for the conclusion that a cause of action has been stated in count 1 which is precisely the same claim plaintiff presented to the Board and from which he received an unfavorable decision.

A case nearer in point is that of Elgin, J. & E. R. Co. v. Burley, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886. There, as in the instant case, the suit was against a railroad by its employees for damages. A proceeding had been had before the Board, which denied the award. This adjudication was relied upon by the railroad in its motion for summary judgment as a bar to the action. The plaintiffs contended that the Brotherhood which had represented them before the Board was without authority to do so, in other words, that they did not authorize the institution of the proceeding and for that reason were not bound by the Board's adjudication. It is pertinent in this connection to note that plaintiff in the instant case conceded that his claim was presented to the Board by a duly authorized representative. Thus the issue in the Elgin case, as the opinion of the Supreme Court discloses, was whether the proceeding before the Board was authorized and if so, whether its decision was a bar to the court action. The Supreme Court in a five to four decision held that whether the proceeding before the Board was authorized raised a question of fact which precluded the entry of a summary judgment. The majority, resting its decision on this ground, found it unnecessary to determine the legal effect of the Board's decision but used language indicating that an authorized proceeding would result in a final and conclusive adjudication.

The minority opinion concurred in by four of the Justices held that the proceeding was authorized, and further that the Board's award was final. In that case, as in the instant one, the employee's claim was for a money award, which had been denied by the Board. The minority, on this phase of the case, stated (325 U.S. at page 760, 65 S.Ct. at page 1307, 89 L.Ed. 1886): "Since the claim before the Adjustment Board was for money, there remains the question whether its disposition

was open to judicial review. The Railway Labor Act commands that the Board's 'awards shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award.' Section 3, First (m). But the determination here in controversy does not 'contain a money award' so as to be excepted from the final and binding effect given other awards. The obvious meaning of 'money award' is an award directing the payment of money, not one denying payment."

The minority expressly held that the denial by the Board of a money claim bars the door to redress in the courts. While ordinarily a dissenting opinion is not the best authority, it would seem that the holding of four Justices of the Supreme Court on a point not decided by the majority must be regarded as highly persuasive, in fact such a decision comes near to stating the law on the point thus decided.

It may be true, as Judge HOLLY points out, that there is some ambiguity in the Board's opinion. This is more fanciful, however, than real. The Board in its opinion was merely discussing the plaintiff's relation to the contract on which his claim was predicated and it was in that connection that he was referred to as an independent contractor. Such reference was in the sense that he was a stranger to such contract and not that he was not an employee of the defendant. This is shown by the statement in the Board's opinion relative to the agreement on which plaintiff's claim was predicated: "The Clerks' Agreement was negotiated for the benefit of the employees performing work within its scope. Clearly, a stranger who contracted with the Carrier to perform work already reserved to employees under this Clerks' Agreement cannot be heard to assert a claim for benefits under a collective agreement not made by him or for his benefit."

Moreover, the findings of the Board (set forth by Judge HOLLY) leave no room for doubt but that the Board specifically found that the defendant and the plaintiff were "respectively carrier and employe within the meaning of the Railway Labor Act." Upon this premise the Board further found that it had jurisdiction over the dispute. It denied the award, however, on the ground that plaintiff was not entitled to the benefit of the contract upon which his claim was predicated and which is the same contract sought to be made the basis for his claim as stated in count 1 of the complaint. In my judgment, the decision of the Board was final and constitutes a bar to such action. This is so, irrespective of any opinion which we might have as to the soundness of that decision.

The cause of action alleged in count 2 of the complaint presents an entirely different situation and obviously the decision of the Board has no relevancy thereto. Defendant does not so contend and, as already pointed out, its motion for summary judgment directed at this count is based solely on the ground that plaintiff was not an employee but an independent contractor. Also as already stated, I agree with Judge HOLLY that plaintiff was an employee within the meaning of the Fair Labor Standards Act. Certainly an employer cannot circumvent the provisions of that Act by labeling an employee as an independent contractor whether such labeling is by agreement or otherwise. The authorities are so numerous in this respect that no good purpose could be served either in their citation or discussion.

A more serious question is whether an employee such as plaintiff, subject to the jurisdiction of the Interstate Commerce Commission, is exempt from the provisions of the Fair Labor Standards Act. Sec. 206 of that Act, Title 29 U.S.C.A., is the minimum wage section and provides what the minimum wage shall be. Sec. 207 relates to maximum hours of employment and provides for additional compensation for hours employed in excess thereof. Sec. 213 contains the exemptions to the Act, and subdivision (b) provides, so far as here material, that Sec. 207 shall not be applicable to an employee under the jurisdiction of the Interstate Commerce Commission. It thus appears plain that the exemptions contained in Sec. 213 have no application to the minimum wage requirements of Sec. 206, which is the basis for the recovery sought under count 2 of the complaint.

There is some authority for this construction of the statute, at least in analogous situations. In Walling v. Mutual Wholesale Co., 8 Cir., 141 F.2d 331, 340, the court in considering a similiar situation stated: "Therefore, the Fair Labor Standards Act is applicable only as to minimum wages for regular hours of service in interstate commerce. The result here is that for such weekly periods as any of these drivers were substantially engaged in handling interstate shipments they come within the Act as to minimum wages only and otherwise they are not within the Act."

See also Southland Gasoline Co. v. Bayley et al., 319 U.S. 44, 63 S.Ct. 917, 87 L.Ed. 1244.

It is therefore my view and I would so hold that the action of the District Court in allowing defendant's motion for a summary judgment as to count 1 of the complaint should be affirmed, but that its action in sustaining such motion as to count 2 should be reversed.

SPARKS, Circuit Judge (dissenting).

I agree with Judge Major that plaintiff is not entitled to recover on his first paragraph of complaint, and I am further of opinion that he is not entitled to recover on his second paragraph for the reasons stated in the District Court's memorandum opinion.