George P. SCHULTZ,[1] Secretary of Labor,
United States Department of Labor,
Plaintiff-Appellee,

v.

CADILLAC ASSOCIATES, INC.,
Defendant-Appellant.

George P. SCHULTZ, Secretary of Labor,
United States Department of Labor,
Plaintiff-Appellee,

v.

CADILLAC ASSOCIATES, INC. and
Drake Personnel, Inc., Defendants-Appellants.

George P. SCHULTZ, Secretary of Labor,
United States Department of Labor,
Plaintiff-Appellee,

v.

CADILLAC ASSOCIATES, INC.,
Defendant-Appellant.

Nos. 16822–16824.

United States Court of Appeals
Seventh Circuit.

July 25, 1969.

Rehearing Denied Sept. 4, 1969.

---

1. In this court George P. Schultz, successor Secretary, was substituted as plaintiff for W. Willard Wirtz, former Secretary of Labor.

James B. Martin, Chicago, Ill., for appellant.

Bessie Margolin, Helen W. Judd, Atty., U. S. Dept. of Labor, Washington, D. C., Herman Grant, U. S. Dept. of Labor, Chicago, Ill., Harold C. Nystrom, Acting Sol. of Labor, Robert E. Nagle, Atty., U. S. Dept. of Labor, Washington, D. C., for appellee.

Before MAJOR, Senior Circuit Judge, and KILEY and CUMMINGS, Circuit Judges.

KILEY, Circuit Judge.

These appeals are taken from separate judgments [2] of the district court ordering a permanent injunction against Cadillac Associates, Inc. and Drake Personnel, Inc.; and entering separate judgments against Cadillac in favor of the Secretary suing on behalf of two "employment counsellors" who requested the Secretary to bring their actions under 29 U.S.C. § 216(c) of the Fair Labor Standards Act.[3] The district court found the "employment counsellors" to be employees within the meaning of the Act. That finding is the heart of this case and its validity the prime issue on appeal. We affirm.

Defendants, employment agencies licensed by the State of Illinois, are subject to Illinois law regulating private employment agencies. However, they conduct their businesses on a national scale. Together they maintain lists of nearly four hundred thousand companies. They operate from the same Chicago office and together use about one hundred employment counsellors, who are also subject to Illinois licensing and regulatory laws. These counsellors match employment applications with requests by prospective employers for personnel.

---

2. The three actions were consolidated in the district court.

3. 29 U.S.C. § 201 et seq.

The suit for injunction under 29 U.S.C. § 217 is to enjoin defendants from violating minimum wage, overtime and record-keeping provisions of the Act with respect to defendants' employment counsellors' job placement activities. One of the two suits brought for the employment counsellors under 29 U.S.C. § 216 seeks overtime compensation; the other seeks to be made whole because of payments below statutory minimum wages.

If the counsellors are employees, ipso facto defendants violated the Act, and injunction and money judgments must be sustained. The district court upon stipulated facts, oral testimony and exhibits decided that the counsellors were employees within the meaning of the Act, and that defendants violated the Act by failing to keep requisite books and records, and by not paying overtime wages to one counsellor and minimum wages to the other.

The court found, inter alia, that counsellors here were obtained through advertisements, needed no previous experience, could not under their Illinois licenses make placements for agencies other than defendants' and would be terminated if they did so, that their offices and other facilities were furnished by defendants, their supervisory counsellors devote about fifty per cent of their time overseeing their work, and that checks from companies for services rendered are made payable to defendants. The court further found that defendants make deductions from the employment counsellors' commissions for withholding and social security taxes, furnish them with Internal Revenue Service W-2 Forms, and file quarterly wage reports on them under the Illinois Unemployment Compensation Act. The foregoing are proper factors to be considered. See Mitchell v. McCarty, 239 F.2d 721, 723–724 (7th Cir. 1957).

Defendants admit the case is primarily one of fact, but argue that the counsellors are not employees. It is true that counsellors interview, counsel and advise applicants and employers, and arrange meetings between them, that the nature of counselling activities does not require strict adherence to an hourly work schedule, and counsellors are paid commissions based on job placements accomplished—with a privilege, to some, to draw against future commissions. But neither these facts nor the evidence of defendants' witnesses that "each * * * is pretty much his own boss," and that "we do not supervise in a dictatorial manner," compels a decision that the district court could not have inferred as it did that the counsellors were employees.

■ Defendants argue that the counsellors are independent contractors. But that label does not necessarily take the worker from the protection of the Act. The activities of the counsellors determine whether they are employees. Rutherford Food Corp. v. McComb, 331 U.S. 722, 729, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947). This court in Hargis v. Wabash RR, 163 F.2d 608 (7th Cir. 1947), found an employee status under the Act despite a written agreement labeling a janitor an independent contractor.

■ Here the counsellors depended upon defendants for their training, direction and compensation. The compensation, based as it was on number of placements made, was set by defendants and resembled piecework more than an enterprise resting on the initiative, judgment or foresight of the typical independent contractor. Rutherford, *supra*, 331 U.S. at 730, 67 S.Ct. 1473. Persons compensated on a piecework basis may be within the Act's protection. United States v. Rosenwasser, 323 U.S. 360, 65 S.Ct. 295, 89 L.Ed. 301 (1945). We conclude that the district court's conclusion is not erroneous.

■■ We see no merit in defendants' claim that the two counsellors' money judgments are not justified by the evidence. Defendants did not keep proper records of their employees' work hours. The testimony of the two employees, plus the stipulation of facts and expert

testimony, laid an ample basis for the district court's inference that employee Douglas was entitled to back wages due from payments made below the minimum wage requirement of $1.25 per hour (29 U.S.C. § 206 prior to the 1966 amendment) and that employee Burke was entitled to overtime for hours worked beyond the maximum forty hour regular weekly hours (29 U.S.C. § 207). The district court was not compelled on the testimony of defendants' witnesses to draw inferences against the two employees, especially when defendants failed to keep proper records. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 688, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946).

Affirmed.