CHICAGO—FIRST DISTRICT—OCTOBER, 1917.    311

Wolff v. Foote Bros. Gear & Machine Co., 207 Ill. App. 311.

---

## Louis Wolff, Appellee, v. Foote Brothers Gear & Machine Company, Appellant.

### Gen. No. 23,290. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed October 2, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action in trespass on the case by Louis Wolff, plaintiff, against Foote Brothers Gear & Machine Company, defendant, for personal injuries alleged to be due to the failure of defendant to fulfill its statutory duty in guarding the machine at which plaintiff was working. From a judgment for plaintiff for $2,500, defendant appeals.

E. J. MCARDLE, for appellant; P. L. MCARDLE, of counsel.

DAVID K. TONE, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 158*—*when factory owner guilty of violation of Factory Act as to guarding machine.* A factory owner

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

312     APPELLATE COURTS OF ILLINOIS.

Wolff v. Foote Bros. Gear & Machine Co., 207 Ill. App. 311.

is guilty of a violation of the Factory Act (J. & A. ¶ 5386 et seq.), as to guarding of machines, where he fails to guard a machine which is susceptible of being guarded and an employee is injured as the result of such neglect.

2. MASTER AND SERVANT. § 699*—when not shown that employee is engaged in repair of unguarded machine in motion. Evidence held insufficient to show that an employee engaged in removing chips from beneath a pipe on an unguarded machine which was in motion was engaged in making "repairs" to the active mechanism of a machine in motion in violation of section 1 of the Factory Act of 1909 (J. & A. ¶ 5386).

3. APPEAL AND ERROR, § 438*—when objection of variance is too late. The objection of variance between pleading and proof cannot be made for the first time on appeal.

4. MASTER AND SERVANT—when evidence of dimness of light in factory admissible. Evidence as to dimness of light in a factory is admissible, in an action by an employee under the Factory Act of 1909 (J. & A. ¶ 5386 et seq.), for injuries due to the failure to guard machinery, as bearing on the issue of contributory negligence.

5. APPEAL AND ERROR, § 408*—when objection that employer is under Workmen's Compensation Act too late. The objection, in an action by an employee for personal injuries that defendant at the time of the injuries was operating under the Workmen's Compensation Act, and that consequently no right of action is available except under such act, comes too late when made on review for the first time.

6. WORKMEN'S COMPENSATION ACT, § 5*—when civil liability of employer not affected. An action by an employee against his employer for damages for personal injuries due to the failure of the employer to guard machinery, in violation of the Factory Act of 1909 (J. & A. ¶ 5386 et seq.), is within the exception of the Workmen's Compensation Act, sec. 3 (J. & A. ¶ 5451), providing that when the injury to the employee is caused by the intentional omission of the employer to comply with statutory safety regulations, nothing shall affect the civil liability of the employer.

7. WORKMEN'S COMPENSATION ACT, § 12*—when defense that employer is under is waived. The defense that an employer is under the Workmen's Compensation Act is waived where the defendant, in an action at common law by an employee against his master for personal injuries, fails to make such defense under the general issue and offer evidence in support thereof.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.