20     APPELLATE COURTS OF ILLINOIS.

Lindelsee v. Chicago, O. & P. Ry. Co. et al., 226 Ill. App. 20.

## Henry Lindelsee, Administrator, Appellant, v. Chicago, Ottawa & Peoria Railway Company and Northern Illinois Light & Traction Company, Appellees.

### Gen. No. 7,038.

1. PLEADING—*interstate character of railroad as matter of judicial notice.* Judicial notice will be taken that the Illinois Central Railroad Company is an interstate road engaged in interstate commerce and that fact need not be specifically averred where it is averred that plaintiff's intestate was employed by that road at the time he received the injuries complained of.

2. LIMITATION OF ACTIONS—*amendment averring employment in interstate commerce as not stating new cause of action in action for death.* A declaration which alleges that plaintiff's intestate was employed in scraping, cleaning and painting a railroad bridge belonging to a railroad company, which is judicially known to be interstate in character and by which he was employed at the time he received the fatal injuries, states facts showing that he was then engaged in interstate commerce and was not working under the provisions of the Workmen's Compensation Act, and an amendment made more than a year after the cause of action accrued, specifically averring that he was engaged in interstate commerce at the time of the accident, does not state a new cause of action which is barred by limitations.

3. PLEADING—*judicial notice as rendering averment as to termini of road surplusage.* Judicial notice will be taken of the true location and extent of the system of the Illinois Central Railroad Company and that it is interstate in character, even in the face of an averment that certain named termini of such road are both within the State; and on demurrer to a declaration containing such averment on the ground that it is thereby shown that plaintiff's intestate and such railroad, his employer, were both under the provisions of the Workmen's Compensation Act at the time he received the fatal injuries, such averment will be treated as surplusage and the complaint upheld as stating a cause of action for tortious death occurring in interstate commerce.

Appeal from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded with directions. Opinion filed August 5, 1923. Rehearing denied October 24, 1922.

Lindelsee v. Chicago, O. & P. Ry. Co. et al., 226 Ill. App. 20.

Douglas Pattison and E. R. Shaw, for appellant; Ray T. Luney, of counsel.

Duncan & O'Conor, for appellees; G. R. Whitmore, of counsel.

Mr. Justice Jones delivered the opinion of the court.

This suit is brought by Henry Lindelsee, administrator of the estate of Albert Vernon Allen, deceased, who was in the employ of the Illinois Central Railroad Company or the Director General of Railroads. The tracks of this company pass over its bridge across the Illinois river at the City of La Salle. The Chicago, Ottawa and Peoria Railway Company owned and operated a railway which passes under the bridge on the bank of the river. The Northern Illinois Light and Traction Company furnished electricity for the operation of the Chicago, Ottawa and Peoria Railway Company's cars. The two last-mentioned companies are the defendants herein. The declaration avers that the wires which carried the power for the interurban road were not properly maintained; that they were strung in close proximity to the underside of the bridge; that there was no cradle, netting or other adequate device about said wires to prevent anyone who was working on the underside of said bridge from coming in contact with said wires; that plaintiff's intestate was suspended under the bridge on a platform and engaged in scraping, cleaning and painting that part of the bridge which was directly above said wires and that while so engaged he received a shock of electricity from which he died. The suit is brought against the two latter companies by the administrator, to recover damages for the next of kin. The case was determined against the plaintiff in the court below on the pleadings, and plaintiff appeals. The original dec-

laration contained nine counts. A general demurrer was sustained as to each of them on the ground that the averments conclusively showed that the deceased, Allen, and the Illinois Central Railroad Company were under the Illinois Compensation Act. By leave of court each count was amended, and as amended the first, third, and sixth counts expressly charged that both were engaged in interstate commerce. The amendments were filed more than one year after the cause of action had accrued and it is claimed a new cause of action was stated. The defendants filed a plea of the statute of limitations to said amended counts. Plaintiff's demurrer to the plea was overruled and he elected to abide by it. The defendants demurred to each of the amended counts, 2, 4, 5, 7, 8 and 9. The demurrer was sustained and the plaintiff elected to stand by said counts. Judgment was then entered in favor of the defendants.

The record as presented raises two questions, first, whether the plea of the statute of limitations to the first, third and sixth counts as amended is a good plea in bar; and second, whether or not the second, fourth, fifth, seventh, eighth and ninth counts as amended state a cause of action.

None of the counts of the original declaration averred in express terms that Allen was engaged in interstate commerce. A general demurrer to the counts was sustained upon the ground that the Illinois Workmen's Compensation Act applied and no recovery could be had in this action because under the authority of *Keeran v. Peoria, B. & C. Traction Co.*, 277 Ill. 413, and *Friebel v. Chicago City Ry. Co.*, 280 Ill. 86 [16 N. C. C. A. 390], the defendants in this case are not liable in a direct action by the plaintiff.

Appellant denies that the Workmen's Compensation Act applies and insists that the amendments made to counts one, three and six do not state a new cause of action and therefore the trial court erred

in overruling the demurrer to the plea of the statute of limitations which was interposed against said three amended counts. The amendments made to said three counts were substantially the same and in effect charged that the deceased was engaged in interstate commerce and under the terms of the Federal Employers' Liability Act.

Appellees contend that the original declaration set forth a common-law action and alleged that the deceased was injured while in his work by the negligence of a third person; that it did not aver that the deceased was engaged in interstate commerce and that from all the averments contained in said original declaration it must be conclusively presumed that the deceased was working under the provisions of the Illinois Workmen's Compensation Act. Appellees further contend that the effect of the amendments to the said three counts is to state a new cause of action against them and to take the case from under the Workmen's Compensation Act. If this case is controlled by the Workmen's Compensation Act, the original declaration did not state a cause of action against appellees. And since the amendments were not made within a year after the time the cause of action accrued, they would come too late. Whether or not this action was brought under the Workmen's Compensation Act must be determined from the language employed in the declaration. We are of the view that a declaration should expressly aver that an employee was engaged in interstate commerce or it should aver facts from which the court will know that he was so engaged. The declaration in the instant case contains no such express declaration. But each of the counts does aver that the deceased was employed by the Illinois Central Railroad Company in scraping, cleaning and painting one of said railroad company's bridges. It is not averred that the Illinois Central Railroad Company is a railroad having

tracks extending beyond the borders of the State of Illinois and engaged in interstate commerce. Nor do we think such an averment is necessary. Courts will take judicial notice of whatever is, or ought to be, generally known within the limits of their jurisdiction. It is a matter within the common knowledge of the people of this State that both the Congress of the United States and the General Assembly of the State of Illinois have enacted legislation in aid of the construction of this railroad for the purpose of making it a common carrier extending the length of the Mississippi Valley and connecting the Great Lakes with the Gulf of Mexico. As a fundamental fact of general knowledge, a court knows of the existence and location of railroads, whether they are wholly within its jurisdiction or only partly so, and knows to what system, if any, they belong, and whether they are engaged in interstate commerce. (23 C. J. 89.) And matters of which courts take judicial notice need not be stated in the pleading. (Encyc. Pl. & Prac., vol. 12, p. 1.) Neither in criminal nor in civil cases is it necessary to allege any fact of which the court will judicially take notice. (23 C. J. 171.) The Supreme Court of this State in speaking of the special charter granted by the State of Illinois to the Illinois Central Railroad has said that: "It is clear from that fact, as well as from what is stated in these land grants, that it was then understood that the railroad was, in fact, to be interstate." (*State v. Illinois Cent. R. Co.,* 246 Ill. 188.) The United States Supreme Court in *Cleveland, C., C. & St. L. Ry. Co. v. Illinois,* 177 U. S. 514, has said that: "The Illinois Central Railroad Company is an interstate highway established by the authority of Congress."

The fact that courts will take judicial notice that the Illinois Central Railroad Company is an interstate road and is engaged in interstate commerce and that such need not be averred or proved will not relieve the

plaintiff from averring facts from which the court will see that the deceased, when he received his injuries, was engaged in interstate commerce rather than intrastate commerce. The original declaration in this case did aver that he was at work cleaning and painting one of the railroad company's bridges. It therefore needs no discussion to demonstrate that at such time he was engaged in interstate commerce, for the United States Supreme Court in *Pedersen v. Delaware, L. & W. R. Co.*, 229 U. S. 146 [3 N. C. C. A. 779], has held that one who is engaged in the repair of or in keeping in a suitable condition for use a bridge of an interstate railroad is engaged in interstate commerce.

It will therefore be seen that the first, third and sixth counts sufficiently averred that the deceased was engaged in interstate commerce at the time he received his injuries. The amendments which were made to said counts added no strength to them. Neither did they state a new cause of action. They merely averred matters which the court judicially knew and which were unnecessary to be averred or proven. Such being the case, the demurrer to the appellee's plea of the statute of limitations should have been sustained and not overruled.

The second, fourth, fifth, seventh and eighth counts as amended averred that the Illinois Central Railroad runs from the City of Centralia, Illinois, to the City of Freeport, Illinois. These averments present the interesting question to us whether or not, under these counts, courts will take judicial notice of the true location and extent of a railroad system and that the same is interstate in the face of a definite averment that both termini of the railroad company are located in Illinois. We have searched in vain for some precedent. Consequently it is a matter of first impression with us. Our conclusion is that we should never be oblivious to any fact which is so well established as

to be deemed within the knowledge of people generally and of which the courts must take judicial notice. If, when a pleading is silent as to the termini of a railroad system, courts may nevertheless say that they judicially know the location thereof, it would be absurd to say that they are not bound by such knowledge in a case where the pleader makes an averment which the court knows is not the fact or which does not state the whole fact. We therefore conclude that the averment that the Illinois Central Railroad runs from the City of Centralia, Illinois, to the City of Freeport, Illinois, is surplusage and should be treated as such.

If we now apply to the said last-mentioned five counts what we have said in reference to judicial notice, we perceive that none of them is objectionable to demurrer on the ground that the averments therein show that the Illinois Central Railroad Company and the deceased were subject to the provisions of the Workmen's Compensation Act. The court erred in sustaining a demurrer to said counts. The demurrer to the ninth amended count should not have been sustained. This cause is reversed and remanded to the trial court with directions to sustain appellant's demurrer to the plea of the statute of limitations to the first, third and sixth counts of the declaration and to overrule appellee's demurrer to the second, fourth, fifth, seventh, eighth and ninth amended counts of said declaration.

*Reversed and remanded with directions.*