Zoa Parker, Administratrix of Estate of George Parker, Deceased, Appellant, v. The Alton Railroad Company, Appellee.

Gen. No. 9,074.

Opinion filed April 20, 1938.

PROVINE & WILLIAMS, of Taylorville, and CLARK H. MILEY, of Springfield, for appellant.

WILLIAM L. PATTON, of Springfield, for appellee.

MR. PRESIDING JUSTICE FULTON delivered the opinion of the court.

The appeal in this case presents questions arising solely upon the pleadings. The appellant is the widow of George Parker, deceased, and as administratrix of his estate brought this suit against the appellee to recover damages under the Injuries Act for unlawfully causing the death of appellant's intestate. At the time of his death the decedent was engaged in the course of his employment as a truck driver for G. O. Parrick, whose business was the hauling of commodities by motor driven vehicles. Both the deceased and his employer were bound by the Workmen's Compensation Act of Illinois. The deceased was killed on July 19, 1933, when the truck he was driving was struck by a passenger train of the appellee, The Alton Railroad Company. The collision occurred at a grade crossing in Springfield, Illinois.

The suit was commenced and complaint filed within one year after the death of appellant's intestate. The principal allegations of the complaint set forth that the deceased, while exercising due care for his safety, drove a motor truck north on 11th street in Springfield, Illinois, on July 19, 1933, toward the crossing of the railroad operated by the appellee in a northerly and southerly direction through the county of Sangamon and the city of Springfield, Illinois, and that because of the negligence in the operation of appellee's train, it collided with the truck and caused injuries

to the deceased from which he died on the same date.

Appellee filed a motion to dismiss the suit on the ground that appellant had no capacity to sue. The motion was filed pursuant to section 48 of the Civil Practice Act [Ill. Rev. Stat. 1937, ch. 110, § 172; Jones Ill. Stats. Ann. 104.048], and was based on the provisions of section 29 of the Workmen's Compensation Act of Illinois [Ill. Rev. Stat. 1937, ch. 48, § 166; Jones Ill. Stats. Ann. 143.44]. An affidavit attached to the motion stated affirmatively that at the time of his death both the deceased and his employer were subject to the Compensation Act, and that by virtue of the allegations of fact contained in the complaint it appeared that appellee was engaged in the business of carriage by land of goods and passengers between points in the State of Illinois for hire, and that the provisions of the Workmen's Compensation Act of Illinois applied to appellee and its employees. There was no allegation in the complaint stating that appellee was subject to the Compensation Act, nor was there any allegation in the complaint stating that appellee was not subject to the Compensation Act. The appellee contended that the omission of the latter fact was an essential and vital element of the complaint, and permitted appellee to invoke the provisions of section 48 of the Civil Practice Act, and to raise the question as to whether or not the appellant had the legal capacity to sue.

The trial court sustained the motion and held that the appellant had the burden of alleging affirmatively and proving that appellee was not subject to the Compensation Act at the time of the collision. It was the appellant's position that the complaint contained a proper statement of a cause of action pursuant to the provisions of the Injuries Act; that no provision of the Compensation Act required any allegation other than those usual to suits under the Injuries Act, and

that, if in fact, appellee was at the time of the collision subject to the Compensation Act, such fact was a matter of affirmative defense to appellants suit, which appellant was not required to anticipate and negative in her complaint.

Section 29 of the Workmen's Compensation Act of Illinois [Ill. Rev. Stat. 1937, ch. 48, § 166, Jones Ill. Stats. Ann. 143.44] provides, that where both the employer and employee are under the act and the employee is injured or killed by the negligence of a third person, who is also under the act, the following:

"Then the right of the employee or personal representative to recover against such other person shall be transferred to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained in an amount not exceeding the aggregate amount of compensation payable under this Act, by reason of the injury or death of such employee." Under such circumstances a personal representative cannot maintain the action, the right having been transferred to the employer. *McNaught v. Hines*, 300 Ill. 167. *Schlitz Brewing Co. v. Chicago Rys. Co.*, 307 Ill. 322.

The appellant relies almost exclusively upon the case of *O'Brien v. Chicago City Ry. Co.*, 305 Ill. 244, for authority that it was not necessary to allege the appellee was at the time of the collision exempt from the provisions of the Workmen's Compensation Act of Illinois. That case, however, was based upon the Compensation Act of 1913, which was then in effect in this State. Under that act people operating in hazardous occupations might elect whether or not they would operate under the Compensation Act. That fact was, therefore, peculiarly within the knowledge of the defendants and it was his duty to raise the question by way of defense. Under the Act of 1917, all persons engaged in hazardous occupations come within the

provisions of the act and the appellee in this case could only be excepted while engaged in interstate commerce. It therefore seems to us that it was necessary for the appellant to allege affirmatively in her complaint the reason why the appellee was not operating under the Compensation Act. If the appellee was in fact under the Compensation Act it is clear from the decisions above quoted that the appellant would not have the capacity to sue, and the only right of action in this case would be in the employers name. Since the decision in the *O'Brien* case several federal cases and cases in Illinois hold to the doctrine that there must be the allegation of the exception in cases where the defendant would ordinarily be operating under the Compensation Act. *Stevens v. Illinois Cent. R. Co.,* 306 Ill. 370; *Tipton v. Atchison, T. & S. F. R. Co.,* 78 F. (2d) 450, 298 U. S. 141, 80 L. Ed. 1091; *Lindelsee v. Chicago, O. & P. Ry. Co.,* 226 Ill. App. 20. Under these authorities it seems to us that the circuit court properly sustained the motion to dismiss filed by the appellee in this cause.

After the court granted the motion to dismiss, the appellant obtained leave and filed five additional counts on January 30, 1937. The additional counts contained the same allegations as did the original complaint except that in each of the additional counts there was an allegation that at the time of the injury the appellee was engaged in interstate commerce. The appellee then moved to dismiss the additional counts and for judgment on the grounds that the filing of the additional counts was the commencement of a cause of action more than one year after the death of appellant's intestate and thus contrary to the provisions of the Injuries Act. The court sustained this motion and ordered the suit dismissed in bar of the appellant's action. The appellant contends that the adding of the additional allegations was permitted under the pro-

visions of section 46 (2) of the Civil Practice Act [Ill. Rev. Stat. 1937, ch. 110, § 170; Jones Ill. Stats. Ann. 104.046] :

"The cause of action . . . set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted . . . in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery . . . when such condition precedent has in fact been performed, and for the purpose of preserving as aforesaid, such cause of action . . . set up in such amended pleading and for such purpose only, any such amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended."

This Court had occasion to construe and define the effect of section 46 of the Civil Practice Act in the case of *Friend v. Alton R. Co.,* 283 Ill. App. 366. In that case Jessie May Friend was killed on May 23, 1932. An action was brought to the September Term, 1932, naming the husband individually and as next friend for the children of deceased, as plaintiffs. On January 9, 1934, the trial court sustained a general demurrer to the complaint, and on July 2, 1934, an amended complaint was filed naming the administrator of deceased as plaintiff. On October 11, 1934, an answer was filed setting up that the action was not commenced within one year of the death of decedent, and

a motion was filed to strike the answer. The court denied the motion; plaintiff stood upon the motion; refused to plead over and judgment was entered in bar of the action. In the opinion filed in that case this court stated that since no right of action existed in the original plaintiffs no action was commenced and no cause of action stated by the filing of their complaint.

In the present case all the requirements of section 2 of the Injuries Act [Ill. Rev. Stat. 1937, ch. 70; Jones Ill. Stats. Ann. 38.02] were complied with. The suit was brought in the name of the personal representative within one year after the death of the intestate. In the additional counts the cause of action asserted grew out of the same transaction or occurrence set up in the original pleading, and were clearly filed because of the court's ruling that the original complaint was defective. The amendment was evidently made for the purpose of preserving the cause of action and the motion to dismiss should have been denied.

In *Metropolitan Trust Co. v. Bowman Dairy Co.*, 292 Ill. App. 492, where a complaint alleged that both of defendant's vehicles, having met at an intersection, ran onto the sidewalk and hit plaintiff's intestate, as consequence of alleged negligence of both defendants, and where proof at the trial showed only one vehicle to have actually struck the deceased, so that a variance resulted, it was held that the trial court properly permitted plaintiff to amend his complaint as against defendant's objection that the amended complaint was barred by the provisions of the Injuries Act because stating a cause of action which had not accrued within one year from the date of filing. In that case the court entered into a thorough and exhaustive discussion of the recent cases covering amendments sought under section 39 of the former Practice Act, and a construction of section 46 (2) of the Civil Practice Act. The opinion held that the amendment was permissible and

related back to the filing of the original complaint, because both pleadings described the same transaction or occurrence.

The situation in this case is strikingly similar to the facts in that case and we concur in the conclusion arrived at and the decision rendered by that court as it applies to the controversy in this case. The ruling of the trial court in dismissing the five additional counts is accordingly reversed and cause remanded for further proceedings in compliance with the views herein expressed.

*Reversed and remanded.*