Alice Classen, Public Administrator and Administratrix of Estate of Curtis Nelson, Deceased, Appellant, v. Edward C. Heil, Appellee.

Term No. 4605.

Opinion filed February 4, 1947. Released for publication March 6, 1947.

JOHNSON & JOHNSON, of Belleville, for appellant.

BAKER, LESEMANN, KAGY & WAGNER, of East St. Louis, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

By this appeal the plaintiff seeks to reverse an order sustaining the defendant's motion to dismiss plaintiff's complaint under sec. 48 of the Civil Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 172; Jones Ill. Stats. Ann. 104.048].

Plaintiff appellant, Alice Classen, public administrator and administratrix of the estate of Curtis Nelson, deceased, hereinafter referred to as the plaintiff, instituted a suit against defendant appellee, Edward C. Heil, hereinafter referred to as the defendant, to re-

cover judgment against him for damages sustained by the next of kin and heirs at law of Curtis Nelson, deceased, because of his death resulting from injuries sustained by him when he was struck by a truck being driven by the defendant.

The plaintiff's complaint sets out a cause of action for wrongful death. The defendant's motion to dismiss is on two grounds but the motion was allowed by the trial court on the first ground, namely, that which challenged the plaintiff's legal capacity to sue. The motion to dismiss alleges that it affirmatively appears from the plaintiff's complaint that the decedent was an employee of the highway department of St. Clair county, Illinois, and while in the course of his employment he received the injuries which resulted in his death. It further alleges that it does not appear from the plaintiff's complaint that at the time Nelson sustained the injuries from which he died the defendant was not subject to and bound by the provisions of the Workmen's Compensation Act. It further alleges that the defendant was an employee of Philip G. Knecht as highway commissioner of the Town of Marissa of St. Clair county, Illinois, and was bound by the provisions of the Workmen's Compensation Act. The basis of the motion is that by virtue of sec. 29 of the Workmen's Compensation Act [Ill. Rev. Stat. 1945, ch. 48, par. 172.29; Jones Ill. Stats. Ann. 143.16 (29)] the alleged cause of action for wrongful death of the said Curtis Nelson against the defendant was transferred to the employer of the said Curtis Nelson, because both Curtis Nelson and the defendant were operating under and bound by the Workmen's Compensation Act, and the plaintiff does not have a cause of action against this defendant. The defendant filed with his motion a joint affidavit signed by Philip G. Knecht and himself, which states in substance that at the time Nelson was struck by the truck driven by the defendant, the defendant was an employee of the highway commissioner of

the Town of Marissa and that said highway commissioner had insured his liability under the Workmen's Compensation Act.

The plaintiff filed no pleading challenging the sufficiency of the defendant's motion to dismiss or the attached affidavit in support of it.

The trial court found that the provisions of the Workmen's Compensation Act abolished the common law right of action which the plaintiff had against the defendant, because all parties to said suit were subject to the provisions of the Act and allowed the motion to dismiss and entered a judgment against the plaintiff for costs.

Paragraph "a," of the first point of the plaintiff's assignments of error on this appeal refers to the incompetency of the defendant to sign the affidavit in support of the motion to dismiss by virtue of sec. 2 of the Evidence Act [Ill. Rev. Stat. 1945, ch. 51, par. 2; Jones Ill. Stats. Ann. 107.068]. Paragraph "b," avers that the entire affidavit is incompetent because it is impossible to determine what part is competent, as all matters are not within the knowledge of both affiants. Paragraph "c," avers that the affidavit states conclusions rather than facts. All of these points attack the sufficiency of the affidavit in support of the defendant's motion to dismiss.

As to the defendant signing the attached affidavit, there is no question that he would have been an incompetent person to testify at the trial had the plaintiff objected because he was an adverse party defending in a suit brought by the administrator of a deceased person. By the same token the defendant was an improper party to the affidavit, had the plaintiff objected. The proper method of objecting was for the plaintiff to file a countermotion to strike the affidavit, as provided in sec. 45 of the Civil Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 169; Jones Ill. Stats. Ann. 104.045]. (*People for use of Dyer v. Sanculius,*

284 Ill. App. 463, 474, 475.) The plaintiff by failing to object to the defendant's participation in this affidavit waived this objection. It is well settled that incompetent evidence, which is admitted without objection, cannot be objected to for the first time in an appellate court. (*Clarke v. Storchak,* 384 Ill. 564, 582; *Doty v. Doty,* 159 Ill. 46, 52, 53.)

As to the plaintiff's contention that the entire affidavit is incompetent, because it is impossible to tell what is competent, and, because it states conclusions rather than facts, we are of the opinion that these defects have also been waived by the plaintiff's failure to object to the sufficiency of the affidavit. Section 42, subpar. (3), of the Civil Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 166, subpar. (3); Jones Ill. Stats. Ann. 104.042, subpar. (3)] provides, "All defects in pleadings, either in form or substance, not objected to in the trial court shall be deemed to be waived." In *Thomas v. Bourdes,* 327 Ill. App. 197, the defendant filed a motion to dismiss under section 48, subpar. (f) of the Civil Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 172, subpar. (f); Jones Ill. Stats. Ann. 104.048, subpar. (f)] and attached certain affidavits to show that the cause of action was barred by the statute of limitations, some of which were executed by attorneys for certain defendants. The plaintiff filed no pleading attacking the motion. The motion was granted and the suit was dismissed. On appeal, in answer to the plaintiff's attack on the affidavits executed by the attorneys, the court said at page 202, "Since these points were not raised before the trial court, we shall not consider them."

The case of *Kunde v. Prentice,* 329 Ill. 82, is to the same effect, where the court, in passing on alleged irregularities in an affidavit for garnishment said, "Even if the affidavit was defective in this respect, its sufficiency was not questioned in the motion

to open the judgment. The sufficiency of an affidavit is waived by a failure to object to it in the trial court. (*Commercial Natl. Bank v. Payne,* 161 Ill. 316.)''

The second point of the plaintiff's assignment of errors, paragraph ''a,'' avers that the affidavit appended to the motion to dismiss does not reveal that both parties are subject to the Compensation Act. However, an examination of the affidavit reveals that the defendant was an employee of the Town of Marissa and it is not controverted that the Town of Marissa was bound by the Workmen's Compensation Act. The affidavit gave a detailed statement of the employment of the defendant by the highway commissioner of the Town of Marissa and traced his actions up until the defendant's truck struck Nelson. The facts set out are considered sufficient to definitely establish the relationship of employer and employee between the highway commissioner and the defendant. This being true, the averment in paragraph ''b,'' that there were no facts before the court upon which to base such a finding, is also disposed of.

Under paragraph ''c,'' the plaintiff avers that the affidavit attached to the motion to dismiss is not the type contemplated by sec. 48 of the Practice Act, and in the argument a point is made of the fact that an affidavit, and not affidavits, was attached. However, in the absence of an objection to the joint affidavit by a proper pleading, as above pointed out, we consider the affidavit attached to the motion to dismiss sufficient to support the finding of the trial court.

Under paragraph ''d,'' the plaintiff avers that the motion to dismiss admitted the well pleaded facts of the complaint and nothing in the complaint indicates that both parties are subject to the provisions of the Compensation Act. This statement fails to take into consideration the new matter brought before the court by the affidavit filed in support of the motion to

dismiss. We are of the opinion that the trial court properly found that all parties to the suit were under and bound by the Workmen's Compensation Act and that the plaintiff did not have the legal capacity to sue. The law is well settled that under such circumstances, sec. 29 of the Workmen's Compensation Act, transfers the right of the plaintiff to sue to his employer. (*Goldsmith v. Payne,* 300 Ill. 119; *Thorton v. Herman,* 380 Ill. 341-346.)

For the reasons indicated, the order sustaining defendant's motion to dismiss is affirmed.

*Affirmed.*

CULBERTSON and BARTLEY, JJ., concur.