**Nick Duvardo, Plaintiff-Appellant, v. J. Beverly Moore, Defendant-Appellee.**

**Term No. 51F9.**

Opinion filed May 10, 1951. Released for publication May 31, 1951.

FLETCHER LEWIS, of Murphysboro, for appellant.

ROY C. MARTIN, and WILLIAMS & HARRISON, all of Benton, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from an order of the circuit court of Franklin county, dismissing the action of Nick Duvardo, appellant (hereinafter called plaintiff), as against J. Beverly Moore, appellee (hereinafter called defendant). The complaint of plaintiff as against defendant was based upon a claim for damages for malpractice by defendant, who is a physician, in the sum of $75,000.

By an amended motion under Section 48 of the Civil Practice Act, it was moved to dismiss on the ground that plaintiff did not have legal capacity to sue for the reason that plaintiff, plaintiff's employer, and defendant, were all under and subject to the Illinois Workmen's Compensation Act, and that as a result thereof plaintiff's cause of action, if any, was against his employer, Pinckneyville Mining Company under the Workmen's Compensation Act. The motion also alleged that plaintiff had made a settlement under the Workmen's Compensation Act with his employer prior to filing the action, for $5,782, and that the right of action, if any, was in the Pinckneyville Mining Company as against defendant, under Section 29 of the Illinois Workmen's Compensation Act. The defendant's motion and affidavits in support thereof recited that defendant was licensed as a practicing physician and surgeon and was the owner and operator of a certain hospital; that he carried workmen's compensation insurance covering all his employees and himself; that the policy was in full force and effect, and a verified copy of the policy and renewal certificates were attached to the amended motion to dismiss. The policy provided that he was covered under his name, doing business as Moore Hospital, and also as an individual. It was alleged that the plaintiff's employer, Pinckneyville Mining Company being a hazardous industry was automatically under the Workmen's Compensation Act, and that the defendant had elected to come under the Compensation Act. The pleadings also showed that the cast which was removed from plaintiff's back (which was the act of malpractice referred to), was removed in defendant's office rather than at the hospital. There is no disputed question of fact as to the existence of the policy or of the intention of the policy to cover the defendant. It is also apparent that the original injury to the plaintiff was aggravated

306

by the malpractice of the defendant under the pleadings. On appeal in this cause plaintiff contends he was not barred from bringing the action as against defendant under Section 29 of the Workmen's Compensation Act because the injury caused by malpractice did not arise out of and in the course of employment.

It is apparent that the action of the court below in dismissing the complaint on the ground that plaintiff did not have legal capacity to sue under Section 29 of the Illinois Workmen's Compensation Act was proper. There were no disputed questions of fact which would require the determination of such facts by the intervention of a jury.

The filing of the amended motion supported by affidavits, under Section 48 of the Civil Practice Act was a proper means of raising the question of legal capacity to sue, in view of the provisions of the Workmen's Compensation Act (*Classen v. Heil,* 330 Ill. App. 433; *Parker v. Alton R. Co.,* 295 Ill. App. 60). It is also apparent that the defendant physician was subject to the Workmen's Compensation Act under Section 1 of the Illinois Workmen's Compensation Act (1949 Ill. Rev. Stat., Chap. 48, Par. 138 [Jones Ill. Stats. Ann. 143.17]; *Edmonds v. Indus. Commission,* 350 Ill. 197). The affidavits and exhibits attached to the motion make this clear. That the plaintiff and his employer, Pinckneyville Mining Company were both under the Compensation Act is also clear (1949 Ill. Rev. Stat., Chapter 48, Paragraph 139). [Jones Ill. Stats. Ann. 143.18.]

It is also provided by Section 29 of the Illinois Workmen's Compensation Act that where all the parties are under and subject to the Act, the plaintiff employee has no right of action as against the negligent third party, and that this right of action is transferred to his employer (1949 Ill. Rev. Stat., Chapter 48, Paragraph 166 [Jones Ill. Stats. Ann. 143.44];

*Thornton v. Herman*, 380 Ill. 341, 344; *Classen v. Heil, supra; Havana Nat. Bank for Use of Hartford Acc. & Indem. Co. v. Tazewell Club*, 298 Ill. App. 393, 398).

The contention of the plaintiff that the case of *Huntoon v. Pritchard*, 371 Ill. 36, supports the contention that a separate suit for malpractice is proper under the facts in this case cannot be sustained. In the Supreme Court case referred to the court held Section 29 did not apply because the defendant doctor was not under and subject to the Workmen's Compensation Act. It was stated by the court that where the third party is under the Act his liability is limited to the amount of the compensation paid, but that where (as in that case) he was not under the Act, the common-law liability still exists and was unrestricted in amount. The court points out in that case that the case of *Lincoln Park Coal and Brick Co. v. Indus. Commission*, 317 Ill. 302, is authority for the proposition that an employer is liable for the injury and all the results flowing from the malpractice of the attending physician. In the *Huntoon case* the court went on to point out that the employer is liable for the aggravation of the injuries due to malpractice and is also liable for the injuries caused entirely by other persons and through no fault of his own, and that this liability is not based on tort but is statutory and in the nature of an implied contract (*Keller v. Indus. Commission*, 350 Ill. 390, 397). It was pointed out that Section 29 has as its object the reimbursement of the employer when he is compelled to pay compensation as the direct result of the negligence of another and that in such case the employer had to pay in addition to the compensation for the original injury an additional amount to cover the aggravation caused by the doctor's malpractice. The Supreme Court then went on to observe that to adopt the plaintiff's construction would deprive the employer of his right of subrogation and confer upon

the plaintiff a benefit to which he is in no way entitled; that the employee is not required to elect whether he shall sue the third person at law or proceed under the Workmen's Compensation Act as against his employer. It was determined that the court was not justified in construing the Act to require an election where the injury complained of is an aggravation instead of an original injury. The court concludes that both are within the plain meaning of Section 29 of the Workmen's Compensation Act and the Act must be so construed.

Under the record in this cause the defendant physician was covered by the Workmen's Compensation policy and had elected to come under the Act. It appears from the record that a compensable injury under the Workmen's Compensation Act was alleged to have been aggravated by the negligence of the physician of the employer. Such aggravation was not a new injury but was connected with and became a part of the original injury. The employer is bound to pay under the Workmen's Compensation Act for the original injury and all additional disability caused by the malpractice under the authority of the cases determined in this State. It is, therefore, apparent from the record that plaintiff, plaintiff's employer, and defendant, were all under the Workmen's Compensation Act and that Section 29 of the Workmen's Compensation Act applies to the alleged malpractice of the defendant. Under said Section 29 the plaintiff's cause of action as against defendant is transferred to the employer of the plaintiff, and since plaintiff did not have the legal capacity to sue, the order of dismissal entered in the circuit court of Franklin county was proper and same is hereby affirmed.

*Affirmed.*

SCHEINEMAN, P. J. and BARDENS, J., concur.