James J. Nordland, M. D., Appellant, v. Poor Sisters of St. Francis Seraph of Perpetual Devotion, Trading as St. Francis Hospital et al., Defendants Below. Poor Sisters of St. Francis Seraph of Perpetual Devotion, Trading as St. Francis Hospital, Appellee.

## Gen. No. 46,367.

First District, Second Division.

December 14, 1954.

Released for publication January 4, 1955.

Norman Peters, and John G. Phillips, both of Chicago, for appellant; Charles Wolff, and Charles T. Shanner, both of Chicago, of counsel.

Albert M. Howard, of Chicago, for appellee; Charles D. Snewind, of Chicago, of counsel.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from the judgment of the trial court dismissing the suit of James J. Nordland, M. D.,

plaintiff, against the Poor Sisters of St. Francis Seraph of Perpetual Devotion, doing business as St. Francis Hospital (hereafter referred to as "hospital").

The plaintiff had brought suit against the hospital and others for injuries received by him while he was an intern assisting surgeons in an operation conducted in the operating room at the hospital. The defendant's motion to dismiss, with affidavits attached, was brought under section 48 of the Practice Act (Ill. Rev. Stats. ch. 110, par. 172 [Jones Ill. Stats. Ann. 104.048]), and was predicated on the grounds that the plaintiff did not have legal capacity to sue and that the court did not have jurisdiction of the subject matter of the action, in that the plaintiff and defendant hospital at the time and place complained of were operating under and subject to the provisions of the Illinois Workmen's Compensation Act and the alleged accident arose out of and in the course of plaintiff's employment with the said defendant.

The questions presented to this court are: Was such a motion properly brought under section 48 of the Practice Act; and, if so, was the trial court correct in sustaining such motion?

From the affidavits of the defendant, the counter-affidavits of the plaintiff and the exhibits therein filed, the following uncontroverted facts appear: The plaintiff was an intern at the hospital under a contract of internship, by which the hospital agreed to supply maintenance to the plaintiff and to pay him each month the sum of $125. Plaintiff agreed to abide by the rules and regulations of the hospital and to perform faithfully to the best of his ability the duties assigned to him for his period of service. The agreement also provided that the connection of the plaintiff with the hospital may be terminated at any time by action of the Sister Superior and the Intern Committee of the hospital for any dereliction of duty, improper conduct, un-

50

satisfactory service or other sufficient cause. The rules of the hospital provided that interns agree to devote their entire professional service to the hospital and not to engage in private practice or in any other occupation apart from the hospital duties, or to accept any compensation whatsoever. Interns were required to visit all patients on their service at least twice a day and fulfill orders for treatment given by attending physicians, and they were prohibited from giving any orders in conflict with those of the attending physician. At the time of the occurrence in question the plaintiff was working in general surgery, and while he was engaged in assisting surgeons in an operation in the operating room of the hospital the anesthetic machine exploded and plaintiff was injured. The hospital and the plaintiff were both qualified to come under the Workmen's Compensation Act of Illinois.

Section 48 of the Practice Act provides:

"Defendant may, within the time for pleading, file a motion to dismiss the action or suit, . . . supported by affidavits where any of the said following defects exist but do not appear upon the face of the complaint:

". . .

"(b) That the court has not jurisdiction of the subject matter of the action or suit, provided the defect cannot be removed by a transfer of the case to a court having jurisdiction.

"(c) That the plaintiff has not legal capacity to sue."

We will first discuss the jurisdictional question.

 The object of the Workmen's Compensation Act was to provide prompt, sure and definite compensation for injuries or death suffered by employees in the course of their employment. The theory of the common law on which rests the liability of the employer for accidental injuries to his workmen upon his fault or

51

neglect is set aside, and such accidental injuries are regarded as a charge on the industry or business involved, to be paid for as a part of operating the business, without regard to the question of whether the employer or employee was guilty of any fault. Where both parties are under the Act, an employee has no common-law right of action against his employer for negligently injuring him in the course of his employment. The Illinois Supreme Court has said in Thornton v. Herman, 380 Ill. 341:

"The many cases where section 29 has been construed were analyzed in O'Brien v. Chicago City Railway Co., supra, [305 Ill. 244], and a summary of the holdings of the several cases is stated in the following language: 'From these cases it appears that we have held (1) that the common law right of action of an employee against his employer for negligently injuring him in the course of his employment is abolished. . . .'"

See also Faber v. Industrial Commission, 352 Ill. 115.

In McFarlin v. McFarlin, 384 Ill. 428, the court says concerning jurisdiction:

"Jurisdiction of the subject matter is the power of a court to hear and determine causes of the general class to which the proceeding in question belongs, and such jurisdiction is always conferred by law. In its application to a certain controversy, jurisdiction means the power and authority to hear and determine the issues involved in the cause. Woodward v. Ruel, 355 Ill. 163; People v. Ford, 289 Ill. 550; Oakman v. Small, 282 Ill. 360."

See also People v. Brewer, 328 Ill. 472.

■ Section 48 of the Practice Act provides that the question as to whether or not the court has jurisdiction of the "subject matter of the action or suit" may be raised by a motion supported by affidavit. Since the common-law right of action of an employee against his employer for negligently injuring him in the course of

52

his employment is abolished, it would seem evident that the court has no jurisdiction to hear and determine such an action or suit, and, therefore, the motion to dismiss was properly brought under section 48 on the ground that the court had no jurisdiction. Hayes v. Marshall Field & Co., 351 Ill. App. 329.

Also included in the motion is subsection (c) of section 48, which permits a party to move to dismiss on the ground of lack of capacity to sue. In Duvardo v. Moore, 343 Ill. App. 304, the ruling of the trial court on a motion under section 48 of the Practice Act was involved. There the defendant moved to dismiss the action under section 48 of the Civil Practice Act on the ground that the plaintiff did not have legal capacity to sue because both the plaintiff and his employer, and the defendant, were under and subject to the Illinois Workmen's Compensation Act. Affidavits in support of the motion were filed indicating that the plaintiff was injured by his employer in the course of his employment, which injury was aggravated by the malpractice of the defendant, a physician. The court says:

"It is apparent that the action of the court below in dismissing the complaint on the ground that plaintiff did not have legal capacity to sue under Section 29 of the Illinois Workmen's Compensation Act was proper. There were no disputed questions of fact which would require the determination of such facts by the intervention of a jury.

"The filing of the amended motion supported by affidavits, under Section 48 of the Civil Practice Act was a proper means of raising the question of legal capacity to sue, in view of the provisions of the Workmen's Compensation Act (Classen v. Heil, 330 Ill. App. 433; Parker v. Alton R. Co., 295 Ill. App. 60)."

We are of the opinion that the motion to dismiss on the ground of lack of capacity to sue was properly brought under section 48.

The plaintiff relies upon the case of Rehula v. Bessert, 322 Ill. App. 146, to support his contention that such motion was improperly brought under section 48 of the Practice Act. A careful reading of the case indicates that such was not the holding. In that case, order of dismissal of the suit was entered on defendant's motion, on the ground that plaintiff's cause of action had been released and transferred to the decedent's employer by plaintiff's acceptance of compensation benefits. In support of the motion copies of the records of the Industrial Commission were filed showing that the employer was insured against liability under the Workmen's Compensation Act at the time of the accident; that the plaintiff had filed an application for adjustment of compensation for the death of her husband; that compensation had been awarded; that pending a review of the award plaintiff's application was dismissed on a motion of the defendant setting up a settlement contract approved by the Industrial Commission and disaffirming liability on the part of the defendant company, and stating that the settlement was made solely to avoid litigation. No evidence was heard, nor were any affidavits filed. The motion was determined solely upon matters presented by the records of the Industrial Commission. It was objected that while it was admitted all parties were under the Workmen's Compensation Act, the Act has no application unless the accident resulting in decedent's death arose out of and in the course of his employment, and that that was a question of fact which should be decided by a jury. The court held that the question of whether the accident did or did not arise out of and in the course of decedent's employment was a matter which must be litigated, and in that particular case says it is a matter which should be submitted to a jury. The decision of the court cannot, and should not, be carried further than its intendment. In the Rehula

case the court considered, and properly, that the facts were in dispute. In the instant case none of the facts were controverted and all of them were before the court.

The case of Dempster v. New York Cent. R. Co., 2 Ill.App.2d 47, cited by plaintiff, only holds that the question of plaintiff's right to maintain a common-law action, which was raised for the first time on appeal, was brought before the court too late. The court says: "If relief to plaintiff was barred by the provisions of the act, that fact should have been brought to the attention of the trial court by motion to strike, answer or other action. Morris v. Taylor Coal Co., 206 Ill. App. 100, 102; Wolff v. Foote Bros. Gear & Machine Co., 207 Ill. App. 311."

The other question for the consideration of the court is as to whether or not the motion to dismiss was properly sustained by the trial court. It is the contention of the plaintiff that at the time of the occurrence in question he was either an independent contractor and not an employee of the hospital, or, if he was an employee of the hospital, he was temporarily loaned to the surgeon for the operation in question and for that particular time was not an employee of the hospital.

[4-6] The plaintiff in his brief presents very little argument to support his theory that he was at the time of the occurrence an independent contractor. His failure to rely on that point is easy to understand. An independent contractor has been defined in Henry v. Industrial Commission, 412 Ill. 279, as one "who renders service in the course of a recognized occupation, and who executes the will of the person for whom the work is done with respect to the result to be accomplished, rather than the means by which the result is accomplished. (Ferguson & Lange Foundry Co. v. Industrial Com. 346 Ill. 632; Hartley v. Red Ball Transit Co. 344 Ill. 534; Besse v. Industrial Com. 336

Ill. 283.) The right to control the manner of doing the work is probably the most important single consideration in determining whether the relationship is that of an employee or an independent contractor. (Immaculate Conception Church v. Industrial Com. 395 Ill. 615; Murrelle v. Industrial Com. 382 Ill. 128; Kehrer v. Industrial Com. 365 Ill. 378.) Other factors, such as whether compensation is on a time basis or by the job, the right to discharge, the nature of the workmen's occupation, both in terms of the degree of skill required and in its kinship to the regular business of the employer, and the furnishing of materials, equipment or tools, are all to be taken into consideration. (Lawrence v. Industrial Com. 391 Ill. 80; Bristol & Gale Co. v. Industrial Com. 292 Ill. 16; Restatement of the Law of Agency, sec. 220(2)(a)–(i).) It has been emphasized that the determination of the question depends, in each instance, upon an analysis and evaluation of the circumstances of the particular case. Olympic Commissary Co. v. Industrial Com. 371 Ill. 164."

Here, under the contract between the plaintiff and the hospital, the hospital paid the plaintiff an allowance and provided him with his room, board and laundry for the time of his internship. The right to discharge rested in the hospital through the action of the Sister Superior and the Hospital Intern Committee. The services performed by the surgeon were performed in an operating room supplied by the hospital, together with all necessary equipment. As a part of its services to the patient the hospital also supplied nurses and interns to assist the surgeons during their operations. The plaintiff at the time of the occurrence was not licensed to practice medicine in Illinois. There was no contractual relationship between the plaintiff and the surgeon or the patient. The contract of internship further provided that the plaintiff could be discharged by the hospital for any dereliction of duty, improper

conduct, unsatisfactory service or other sufficient cause. During the period when he was engaged in the operating room assisting the surgeon in the operation he was still under the control of the hospital. Of course the superintendent of the hospital could not tell him how he should use the retractor or other instruments during the operation, but nevertheless, if his services to the attending surgeon were not satisfactory, the hospital had the right to have the plaintiff removed as an intern. None of the elements which might cause him to be considered an independent contractor existed.

Plaintiff relies upon Hoke v. Harrisburg Hospital, Inc., 281 Ill. App. 247, where a suit was brought against the defendant hospital to recover damages alleged to have been sustained by reason of certain X-ray burns. The evidence showed that the negligence complained of was that of a Dr. Nyberg, who was a director of the hospital. There was an arrangement between Dr. Nyberg and the hospital by which Dr. Nyberg and other physicians rented the first floor for their private practice. The second floor was devoted to the purposes of the hospital. The X-ray machine involved was owned by Dr. Nyberg and was kept on the second floor of the premises which were used for hospital purposes. Dr. Nyberg had an assistant employed by him. The plaintiff went to Dr. Nyberg's office on the first floor and engaged him to take the pictures. The pictures were made by Dr. Nyberg and his assistant in the X-ray room. The plaintiff was not registered at the hospital nor does the evidence show that any of the hospital employees had anything to do with the taking of the pictures. The question before the court was whether Dr. Nyberg, in the taking of the X-ray pictures, was acting for and on behalf of the defendant; and the court holds he was not. This decision is not applicable to the facts in the case before this court.

■ The plaintiff also argues that if he was considered an employee, then at the time of the occurrence he was an employee loaned by the hospital to the operating surgeon, and for that particular period of time the relationship of employer and employee (within the meaning of the Workmen's Compensation Act) was between the surgeon and the plaintiff and not the hospital and the plaintiff. Plaintiff cites a number of cases from other jurisdictions dealing with nurses and hospital employees. The defendant also cites cases outside of Illinois dealing with the same subject. These cases are not in accord. The case of Olander v. Johnson, 258 Ill. App. 89, seems to be in point. A suit was brought to recover damages on account of the alleged negligence of the defendant, an operating surgeon, in leaving a sponge in the plaintiff's body in the course of an operation. The operation was performed at St. Joseph's Hospital, at Joliet, which was a recognized, modern hospital. In the performance of the operation the defendant was assisted by the regular operating room staff of the hospital, all of whom were connected with or employed by the hospital, including the attending intern. The responsibility for keeping a count of the sponges rested upon the nurses. A sponge was left in the body of the plaintiff. The mistake was made by the nurses. The question considered by the court was whether or not the defendant was responsible for the mistake of the nurses. The court says:

"Generally an operating surgeon is not legally responsible for the mistake of a nurse not his employee, where an operation is performed at a hospital not owned or controlled by the surgeon. (Funk v. Bonham, supra, [Ind. App. 151 N. E. 22]; Guell v. Terney, supra, [262 Mass. 54, 159 N. E. 451]; Blackburn v. Baker, 237 N. Y. S. 611; Hale v. Atkins, 215 Mo. App. 380, 256 S. W. 544.)

"All classes of hospitals have at least one power in common. It is the right to prescribe reasonable rules

58

for the conduct of the institution and may standardize the hospital. (Harris v. Thomas [Tex. Civ. App.], 217 S. W. 1068.) The hospital at which plaintiff was operated was conducted by the Franciscan Order of the Roman Catholic Church. It was a charitable institution, and maintained its own corps of nurses, internes, and staff officers. A physician who used the operating room was required by the rules of the hospital to employ the equipment of the hospital. In the case of the particular operation, it included the nurses in attendance, the sponges supplied, and the records kept. Every physician who avails himself of the privilege of operating in a hospital of this character must conform to the rules of the hospital. Unless he does, he may be deprived of the privilege of practicing his profession at that institution. (People v. Julia F. Burnham Hospital, 71 Ill. App. 246.)"

In the case before this court it was a part of the hospital's business to furnish the use of the intern, and the fact that during the period of the operation the intern was subject to the direction of a physician does not change the relationship. Here the furnishing of the intern necessarily involved the circumstances that the intern furnished would carry out the directions of the physician in charge, and such duty is recognized by the rules of the hospital governing interns: that he will fulfill orders for treatment given by the attending physician and his own orders must not conflict with those. When he was injured he was acting for the hospital under the directions of the surgeon. It still was the duty of the hospital to see that he carried out the directions devolving upon him as an intern. If the plaintiff did not exhibit the knowledge and skill which a person of his medical education and position should exhibit, or if he did not comply with the directions of the physician, he could have been discharged by the hospital.

59

There was no controverted question of fact involved. All matters were fully presented to the court by means of affidavits, counter-affidavits and deposition. The only thing that the court could do under the circumstances would be to apply the law to the facts as presented to it. This the trial court did, and we feel properly.

The order and judgment of the trial court are affirmed.

Order and judgment affirmed.

SCHWARTZ, P. J. and ROBSON, J., concur.